HELM v. HELM

1. GARNISHMENT—AVAILABILITY—DIVORCE JUDGMENT.

Garnishment is not available for enforcement of support payments under a divorce decree.

2. DIVORCE—JUDGMENT—CHILD SUPPORT PAYMENTS—ENFORCEMENT.

Plaintiff may, in order to enforce a judgment for child support payments, move for a writ of attachment to arrest the defaulting party and bring him before the court to answer for his neglect (MCLA § 552.152).

Appeal from Muskegon, John H. Piercey, and Albert J. Engel, JJ. Submitted Division 3 March 11, 1969, at Grand Rapids. (Docket No. 5,447.) Decided April 23, 1969.

Complaint by Patricia Helm against Richard C. Helm for divorce. Judgment of divorce, property settlement, and child custody rendered. Plaintiff sought a writ of garnishment against Universal Camshaft Co., her former husband's employer, to collect arrearages in child support. Writ denied. Plaintiff appeals. Affirmed.

*Poppen, Street & Sorensen (Robert T. Johnson,* of counsel), for plaintiff.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2]   24 Am Jur 2d, Divorce and Separation § 863.

*Carr & Carr,* for garnishee defendant Universal Camshaft Co.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

McGREGOR, J.   The issue presented . here is whether arrearages in child support payments under a divorce judgment are properly collectible in garnishment proceedings.   The lower court in an *en banc* decision, .after noting the principle cited in *Toth* v. *Toth* (1928), 242 Mich 23, that garnishment is not available for enforcement of support payments under a divorce decree, stated:

"Whether we say that an obligation to pay support is not a debt, or is not a final judgment, the truth remains that it is now, at is always was, subject under the law to being modified or set aside, and for this reason it does not have the indisputable finality which is usually deemed necessary in order to warrant garnishment."

The court concluded that court rule revision and the Revised Judicature Act (PA 1961, No 236),* which obliterated the distinction between law and equity, had not altered the principle that garnishment is not a proper tool to recoup unpaid support payments.   We agree.

According to the proper statutory procedure for enforcing child support payments, plaintiff may move for a writ of attachment to arrest the defaulting party and bring him before the court to answer for his neglect.   MCLA § 552.152 (Stat Ann 1969 Cum Supp § 25.152).   After a hearing, the court may

---

* MCLA § 600.101 *et seq.* (Stat Ann 1962 Rev § 27A.101 *et seq.*).

find the defendant in contempt for failure to pay support money to minor children. MCLA § 552.201 (Stat Ann 1969 Cum Supp § 25.161). Plaintiff's attempt to circumvent the proper enforcement method by garnishing the wages owed her divorced husband by the garnishee is not countenanced by Michigan law. The method to insure that a defendant's earnings are applied to child support is found in MCLA § 552.203 (Stat Ann 1969 Cum Supp § 25.163).

Judgment for defendant affirmed, with costs.

All concurred.