MILLIGAN v MILLIGAN

Docket No. 135292. Submitted November 4, 1992, at Detroit. Decided December 29, 1992, at 9:25 A.M.

Nancy J. Milligan petitioned the Wayne Circuit Court for imposition of a lien on a stock brokerage account owned by her former husband, Robert E. Milligan, III, to ensure payment of the child support ordered in their divorce judgment. Although the defendant continually had been in arrears with respect to his support obligation, he was not in arrears at the time of the hearing. The court, Richard C. Kaufman, J., ordered the brokerage firm to make child support payments to the plaintiff as they became due and awarded attorney fees to the plaintiff. The defendant appealed.

The Court of Appeals *held:*

1. An arrearage of a child support obligation is a judgment amount from the time the support payment was due. MCL 552.603. MSA 25.164(3). A circuit court, in enforcing a support order upon the default of an obligor, is authorized to take any appropriate action, including imposing a lien on personal property owned by the obligor, MCL 552.625(a); MSA 25.164(25)(a), and requiring a sufficient bond, security, or other guarantee to secure the payment of support that is past due or to be due in the future, MCL 552.625(b); MSA 25.164(25)(b). Thus, the defendant was in default every time he failed to make a support payment. The fact that he paid the arrearages before the plaintiff's petition was formally heard did not divest the circuit court of authority to impose the lien and to order the brokerage firm to make direct payments of support to the plaintiff.

2. The circuit court did not abuse its discretion in awarding attorney fees to the plaintiff, who was forced to incur the fees as a result of the defendant's unreasonable conduct.

Affirmed.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1018, 1030-1031; Parent and Child § 62.

Decree for periodical payments for support or alimony as lien or the subject of a declaration of lien. 59 ALR2d 656.

PARENT AND CHILD — CHILD SUPPORT — LIENS — SECURITY.
   An order of child support in a domestic relations matter is a
      judgment on and after the date each support payment is due; a
      child support obligor is in default every time a support pay-
      ment is not made when due; upon such default, a circuit court
      may impose a lien on personal property owned by the obligor
      or require the obligor to post a bond, security, or other guaran-
      tee to secure the payment of support that is past due or to be
      due in the future (MCL 552.603, 552.625; MSA 25.164[3],
      25.164[25]).

*Katherine L. Barnart, P.C.* (by *Constance J. Allen*), for the plaintiff.

*KLH, P.C.* (by *Daniel J. Henry, Jr.*), for the defendant.

Before: FITZGERALD, P.J. and HOLBROOK, JR., and CORRIGAN, JJ.

CORRIGAN, J. In this child support action, defendant appeals as of right orders requiring security for payment of child support for his two minor children and awarding plaintiff attorney fees. We affirm the order for security and the award of fees in the lower court.

The parties were divorced in 1983, when their two sons were ten and seven years old. Defendant was ordered to pay child support of $140 a week. In 1988, the parties agreed to an increase in support, to $250 a week. Since the divorce, defendant has had a history of failing to make timely child support payments. Defendant fell into arrears on his obligation once in 1986 ($926.50), twice in 1989 (total arrearage of $4,332) and twice in 1990 (total arrearage of $3,652). The arrearages were satisfied, but only after plaintiff brought show-cause motions in the circuit court. Defendant ignored two of these motions until plaintiff retained an attorney rather than rely on the friend of the court.

In October 1990, plaintiff petitioned the court to provide her with some means of insuring that defendant satisfied his support obligations. Discovery established that defendant, in addition to earned income from real estate sales, had substantial unearned income in the form of interest on a money market account with Merrill Lynch Pierce Fenner & Smith, Inc. On August 31, 1990, that account balance was $676,872. The circuit court then entered an order placing a lien on the Merrill Lynch account "in favor of the minor children . . . in the amount of $40,000 until the obligation owed to the Friend of the Court for the support of the two minor children is satisfied." The order also provided that Merrill Lynch make regular payments of the child support to the friend of the court office until September 1994, when the younger child would reach the age of majority. The court also awarded plaintiff $750 in attorney fees.

Defendant moved for reconsideration. The court denied the motion, but amended the order to reduce the lien on the Merrill Lynch account to $31,387, "which is reflective of the total child support obligation owing as of the week commencing February 4, 1990."

The purpose of child support is to ensure that the child's immediate needs are cared for on a continuing basis. *Landry v Roebuck,* 193 Mich App 431, 434; 484 NW2d 402 (1992). The amount of an award of child support is within the discretion of the circuit court. See *Beason v Beason,* 435 Mich 791, 798; 460 NW2d 207 (1990). The court's exercise of that discretion is presumed to be correct. *Thompson v Merritt,* 192 Mich App 412, 416; 481 NW2d 735 (1991). The party appealing a support order bears the burden of showing an abuse of discretion. *Id.*

Defendant first argues that the circuit court

lacked authority to order the lien placed on his stock account or to order disbursements directly to plaintiff from it. He contends that the lien on his Merrill Lynch account is improper because the Support and Visitation Enforcement Act, MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.*, provides only for enforcement of child support payments that are past due. We disagree. Defendant mistakenly relies on *Helm v Helm,* 17 Mich App 246; 169 NW2d 137 (1969), which held that wage garnishment is unavailable in support actions. *Helm* was decided under MCL 552.203; MSA 25.163, which has been repealed and replaced by MCL 552.602; MSA 25.164(2).

The controlling statute, MCL 552.603; MSA 25.164(3), provides in part:

> (1) A support order issued by a court of this state shall be enforced pursuant to the requirements of this section.
> (2) Except as otherwise provided in this section, a support order . . . is a judgment on and after the date each support payment is due, with the full force, effect, and attributes of a judgment of this state."

One of the "requirements of this section" is MCL 552.625; MSA 25.164(25), which provides for the placement of a lien on the property of a delinquent payer:

> [Upon petition, the court] may do 1 or both of the following:
> (a) Impose a lien for the amount of any support that is past due upon such of the individually owned . . . personal property . . . of the payer as the court directs. . . . Upon default in the payment of support referred to in the judgment, the court may . . . take any . . . appropriate action to enforce the judgment.

(b) Require a payer to provide sufficient bond, security, or other guarantee to secure the payment of support that is past due, or due in the future, or both. . . . Upon default in the payment of the amount awarded in the judgment, the court may . . . take any . . . appropriate action to enforce the judgment.

Defendant stresses that the provisions of § 25 come into effect only "upon default." Because he had paid a $250 arrearage and prepaid $1,000 by the time of the hearing, he claims he was not "in default" on any payments at the time of the court's 1990 order. Therefore, he argues, he cannot be required to "provide sufficient bond, security, or other guarantee to secure the payment of support that is . . . due in the future," pursuant to MCL 552.625(b); MSA 25.164(25)(b). We do not read the term "default" so narrowly.

"Default" is defined as "the omission or failure to perform a legal duty; [or] to observe a promise or discharge an obligation." Black's Law Dictionary (revised 4th ed). See also *Lansing School Dist v Lansing,* 260 Mich 405, 412; 245 NW 449 (1932) (reviewing definitions of "default"). In *Langford v Langford,* 196 Mich App 297; 492 NW2d 524 (1992), this Court, in construing § 3 of the Support and Visitation Act, MCL 552.603; MSA 25.164(3), recently held that "the arrearage on a support order is a judgment amount *from the time that amount falls due.*" (Emphasis added.) Defendant was "in default" every time he failed to make a support payment that was due. Even if he later cured the default by making payment before the court took action to enforce the judgment(s), defendant was not immunized from the effects of § 25. The court is authorized to take action "upon default"; the statute does not restrict the court to acting only on uncured defaults.

Defendant's behavior warranted the court's action. As this Court said in *Landry, supra,* the purpose of child support is to provide for the child's *continuing* needs. Defendant obviously had ample means to satisfy his support obligations. He chose not to do so until compelled. His capricious payment schedule caused unnecessary uncertainty for his children and ex-wife, and unnecessary taxing of the strapped resources of the circuit court.

The scope of § 25 affords the court wide discretion to enforce its support judgments. The court had authority to impose a lien on defendant's personal property (the stock account) for "the amount of any support that is past due." It also had the authority to require security for "payment of support that is . . . due in the future." Under the circumstances of this case, the court properly combined its authority under § 25(a) with that under § 25(b) and cast the provision of "security" in the form of a lien on defendant's property and an order for direct disbursement of funds.

Our Supreme Court recently said:

> As one commentator has written, for each nonpayer of ordered child support, "[t]here is . . . a victim—a child, visible and often hurting." [*Mead v Batchlor,* 435 Mich 480, 502, n 22; 460 NW2d 493 (1990).]

The court's order prevents defendant's children from becoming victims of his reluctance to provide for them. We see no error.

Defendant also asserts that the court erred in awarding plaintiff $750 in attorney fees. We disagree.

An award of attorney fees in a divorce action will be reviewed only for abuse of discretion. See, e.g., *Tomblinson v Tomblinson,* 183 Mich App 589,

596; 455 NW2d 346 (1990); *Demman v Demman,* 195 Mich App 109; 490 NW2d 161 (1992). Attorney fees are authorized when the party requesting payment of the fees has been forced to incur them as a result of the other party's unreasonable conduct in the course of the litigation. *Stackhouse v Stackhouse,* 193 Mich App 437, 445; 484 NW2d 723 (1992); see also *Mauro v Mauro,* 196 Mich App 1; 492 NW2d 758 (1992); *Thames v Thames,* 191 Mich App 299; 477 NW2d 496 (1991). Defendant's repeated delinquencies forced plaintiff to take the present action, given his record of noncooperation with the friend of the court. An award of attorney fees in an action designed to prevent future litigation is not an abuse of discretion.

On appeal, for the first time, defendant contests the reasonableness of the amount awarded. Because this objection was not raised below, we need not consider it, unless our refusal would lead to manifest injustice. *People v Stacy,* 193 Mich App 19, 28; 484 NW2d 675 (1992). In light of the efforts of plaintiff's attorney, as reflected in the court file, the amount awarded was hardly excessive or unreasonable. Although we are not persuaded that plaintiff is entitled to attorney fees for defense of a frivolous appeal, she may tax costs pursuant to MCR 7.219.

Affirmed.