**VOSS PRODUCTS, INC., Plaintiff,**

v.

**Michael CARLTON, Defendant.**

**No. 3:00–MC–24.**

United States District Court,
E.D. Tennessee,
at Knoxville.

April 25, 2001.

Steven D. Lipsey, Stone & Hinds, PC, Knoxville, TN, for Plaintiff.

Brenda G. Brooks, Moore, Brooks & Ragle, Knoxville, TN, for Defendant.

### ORDER

JARVIS, District Judge.

This matter is presently before the court on the Report and Recommendation (R & R) [Doc. 20] filed by the Honorable Thomas W. Phillips, United States Magistrate Judge, on March 29, 2001. There have been no timely objections filed to this R & R. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R.Civ.P. 72(b).

After a careful review of this matter, the court is in complete agreement with Judge Phillips' conclusion that the defendant has no wages subject to garnishment pursuant to the Consumer Credit Protection Act, 15 U.S.C. § 1673. Accordingly, the R & R is hereby ACCEPTED IN WHOLE whereby plaintiff's writ of garnishment [Doc. 3] is QUASHED, and this case is DISMISSED.

### REPORT AND RECOMMENDATION

PHILLIPS, United States Magistrate Judge.

This matter has been referred to the undersigned by order of the Honorable James H. Jarvis [Doc. 14, 16] for a report and recommendation on defendant's objection to writ of garnishment [Doc. 6] and defendant's amended claim for exemptions [Doc. 7, 15]. A hearing was conducted by the undersigned on these matters on January 10, 2001.

### Background

Judgment was rendered on March 16, 2000 against defendant, who is the cousin of the sole shareholder of plaintiff in an action filed by plaintiff in the United States District Court, Western District of Texas, San Antonio Division. Plaintiff sued defendant for (1) theft of trade secrets, (b) fraud, (c) misappropriation and (d) violation of the Texas Theft Liability Act. In essence, the suit was for recovery of damages caused by defendant's use of his cousin's trade secrets to found a competing business. The jury found defendant liable on all counts and awarded $750,000. This sum was reduced to $250,000 due to a settlement by a co-defendant.

Immediately following the judgment for fraud, defendant transferred his interest in his marital residence to his mother-in-law for a stated consideration of $2,500. On July 27, 2000, defendant and his wife entered into a marital dissolution agreement (MDA) in the Chancery Court for Knox County, Tennessee. In the MDA, defendant agreed to a voluntary wage assignment for his child support obligations.

Plaintiff filed its application for writ of garnishment on September 8, 2000. Although no answer was filed by defendant's employer, defendant filed an objection on October 10, 2000. Additionally, defendant filed an amended claim for exemptions and request for hearing on November 22, 2000.

In his objection to the writ of garnishment, defendant avers that he has no wages subject to garnishment pursuant to the Consumer Credit Protection Act. Defendant states that an order of wage assignment was entered in his divorce case which requires his employer to withhold $2,100 per month for the support of his two minor children. Defendant has a gross bi-weekly income of $3,000 and a net income before child support of $2,201.50. Child support in the amount of $969.23 is deducted each pay period which equals 44 percent of his aggregate disposable earnings. Thus, defendant argues that the Act prohibits garnishment on behalf of a judgment creditor where the employee's disposable income is already garnished to the extent of 25 percent or more [Doc. 6].

Plaintiff responds that because of the voluntary nature of defendant's child support assignment, it should be categorized into the 75 percent reserve and plaintiff should be allowed to garnish the remaining 25 percent of his disposable earnings. Alternatively, because defendant's child support is garnished from his wages, it should also be subtracted from his gross earnings when calculating his disposable income.

In addition, in his amended claim for exemptions, defendant claims a $2,000 personal property exemption consisting of an "ongoing exemption of $2,000 claimed as to wages and salaries in excess of the net 75% of wages not subject to garnishment under state or federal law. Exemption is reasserted each pay period as previously exempted wages and salaries are expended" [Doc. 15].

Plaintiff, on the other hand, argues the state personal property exemption asserted by defendant is not an ongoing exemption, but rather an exemption allowing the one time exemption of the aggregate amount of $4,000 [Doc. 17].

### Consumer Credit Protection Act

The Consumer Credit Protection Act, 15 U.S.C. § 1673 provides:

Except as provided in subsection (b) and in section 305 [15 U.S.C. § 1675], the maximum part of the aggregate disposable earnings of an individual for any work week which is subject to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount of which his disposable earnings for that week exceeds thirty times the Federal minimum hourly wage prescribed by section 9(a)(1) of the Fair Labor Standards Act of 1938 [citations omitted] in effect at the time the earnings are payable, whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

The statute goes on to enumerate the exceptions to the 25% maximum which include a wage garnishment for child support:

(b) Exceptions

(1) The restrictions of subsection (a) of this section do not apply in the case of (A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by state law, which affords substantial due process, and which is subject to judicial review. . . .

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week, except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in Clause (A) shall be deemed to be 55 per cent and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order which is prior to the twelve-week period which ends with the beginning of such workweek.

■ In passing the Consumer Credit Protection Act, Congress acted principally not to protect the rights of creditors, but to limit the ills that flowed from the unrestricted garnishment of wages.[1] It was concerned with the burgeoning number of personal bankruptcies, which it felt put an undue burden on interstate commerce. And it observed that the number of personal bankruptcies was vastly higher in states that had harsh garnishment laws than in states that did not allow garnishment, a disparity that tended to destroy the uniformity of the bankruptcy laws. The Act was thus designed to curtail sharply the rights of creditors to garnish employee wages. The following overview reveals Congress's principal concern with the welfare of the debtor:

> The limitations on the garnishment of wages adopted by your committee, while permitting the continued orderly payment of consumer debts, will relieve countless honest debtors driven by economic desperation from plunging into bankruptcy in order to preserve their employment and insure a continued means of support for themselves and their families.

H.R.Rep. No. 1040, 90th Cong., 2d Sess. (1968), *reprinted* in 2 (1968) U.S.Code Cong. & Ad.News 1962, 1979.

As originally introduced, the House bill contained a blanket prohibition against all

garnishment of wages. *See id.* at 1978. Later, yielding to the argument that a complete ban on garnishment "would unduly restrict honest and ethical creditors, while permitting those fully capable of paying just debts to escape such responsibilities," *id.*, the bill was amended, initially to allow garnishment of wages to the extent of approximately 10 percent, *id.*, and eventually, as enacted in 1968, to allow garnishment to the extent of 25 percent. Conf.Rep. No. 1397, 90th Cong., 2d Sess (1968), *reprinted in* 2 (1968) U.S.Cong. & Ad.News 2021, 2029; *see* Remarks of Representative Sullivan, 114 Cong.Rec. 143888 (1968). Even as enacted, the Act provides that in any state that provides stricter laws against garnishment, the Act will yield to state law. 15 U.S.C. § 1677. Thus, far from placing principal emphasis on creditor protection, the Act only restricted, and in no way expanded, the rights of creditors.

The issues raised by the plaintiff require the construction of two key terms within the Act: "garnishment" and "disposable earnings."

■ First, the court must consider whether an order to assign wages to meet support obligations is a "garnishment." Section 302(c) of the Act defines "garnishment" as follows:

> commerce; (3) The great disparities among the laws of the several states relating to garnishment have, in effect, destroyed the uniformity of the bankruptcy laws and frustrated the purposes thereof in many areas of the country. (b) On the basis of the findings stated in subsection (a) of this section, the Congress determines that the provisions of this subchapter are necessary and proper for the purpose of carrying into execution the powers of Congress to regulate commerce and to establish uniform bankruptcy laws. 15 U.S.C. § 1671.

---

1. The congressional findings and declaration of purpose were as follows: (a) The Congress finds: (1) The unrestricted garnishment of compensation due for personal services encourages the making of predatory extensions of credit. Such extensions of credit divert money into excessive credit payments and thereby hinder the production and flow of goods in interstate commerce; (2) The application of garnishment as a creditor's remedy frequently results in loss of employment by the debtor, and the resulting disruption of employment, production, and consumption constitutes a substantial burden on interstate

(c) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.

The following language in *Marshall v. District Court for Forty–First–b Judicial District of Michigan,* 444 F.Supp. 1110, 1116 (E.D.Mich.1978) is persuasive:

Any order for the support of any person within the scope of § 303(b)(1) of the Act ... is an order falling within the definition of "garnishment" order contained in § 302(c) of the Act, if, pursuant to it, the earnings of any individual are required to be withheld to meet the requirements of the order.

Accordingly, I conclude that the wage assignment made by plaintiff to satisfy his support obligations was a "garnishment" within the meaning of 15 U.S.C. § 1672(c). For the purposes of this Act, it is immaterial whether the court order *orders* or merely *coerces* a principal defendant to assign a portion of his wages for support. *Marshall,* 444 F.Supp. at 1116.

■ The Act does not seek to establish any order of priority among garnishments. There being no other federal statutory provision setting priorities as between support order garnishments and creditor garnishments, the matter of priority is thus to be determined by state law. 29 C.F.R. § 870.11(a)(2); *Long Island Trust Co. v. United States Postal Service,* 647 F.2d 336, 338 (2nd Cir.1981); *Marshall,* 444 F.Supp. at 1116. Tennessee law provides that as between garnishments of the same type, the prior in time is to be satisfied first. Tenn.Code Ann. § 26–2–214. As between creditor garnishments and support order garnishments, Tennessee gives priority to those for support, regardless of the time of those garnishments. Tenn.Code Ann. § 36–5–501(i)(1). On either basis in the present case, the support order garnishment has priority over plaintiff's creditor garnishment.

■ Second, the court must consider the meaning of "disposable earnings." "Disposable earnings" is defined in §§ 1672(a) and (b) as that part of an individual's gross compensation for personal services that remains after deduction of amounts required by law to be withheld. For the purposes of this definition, "amounts required by law to be withheld" clearly include deductions for federal, state, and local withholding taxes, and social security taxes, but it does not include any amounts withheld pursuant to an order of support. *Marshall,* 444 F.Supp. at 1116; *First Nat'l Bank v. Hasty,* 415 F.Supp. 170, 173, *aff'd* 573 F.2d 1310 (6th Cir.1977).

Plaintiff argues that the voluntary child support garnishment of the judgment debtor should not preclude the garnishment of the allowable 25 percent, but rather be included in the 75 percent set aside to cover normal living expenses. Plaintiff argues that support garnishments should be construed as reserving 25 percent of the employee's earnings for attachment by creditors and leaving 75 percent for personal and family expenses, including the satisfaction of family support orders. I find no basis for this argument either in the language of the statute or in its legislative history.

If support, withheld pursuant to a court order, were included in the definition of "amounts required by law to be withheld" the result would be contrary to the purposes of the Act. Up to 65 percent of the employee's after-tax earnings could be withheld for support, 15 U.S.C. § 1673(b), and since this amount would be subtracted to determine "disposable earnings," an additional 25 percent of these disposable

earnings would be garnished by general creditors. This hypothetical result is clearly an incorrect reading of the Act. It would be inconsistent with Congress's overall purpose of restricting garnishment to cumulate the sections of 15 U.S.C. § 1673 to allow garnishment of up to 90 percent of an employee's after-tax income. *Long Island Trust Co.,* 647 F.2d at 341.

I interpret § 1673 as placing a ceiling of 25 percent on the amount of an employee's disposable earnings that is subject to garnishment, with the exception that the ceiling may be raised as high as 65 percent if the garnishment is to enforce family support orders. Thus, when garnishments are sought only by creditors, no more than 25 percent of disposable earnings may be withheld for that purpose; when the garnishments are sought only to enforce support orders, as much as 65 percent of disposable earnings may be withheld for that purpose.

■ Given the overall purpose of the Act and the priority accorded in Tennessee to garnishments for support, I find no merit in plaintiff's argument that 25 percent of an employee's disposable earnings are reserved for creditors and that up to 65 percent more may be garnished to enforce a support order. Certainly, the structure of the section—with subsection (a) entitled "Maximum allowable garnishment" and subsection (b) setting forth "Exceptions" for support garnishments—does not suggest such an interpretation. Additionally, in view of Congress's overall purpose of restricting garnishments in order to decrease the number of personal bankruptcies, it would be unjustifiable to infer that the general ceiling and its exceptions were intended to be cumulated to allow garnishments of disposable income to the total extent of 90 percent. Thus, I find that where, as here, a support garnishment has priority and results in the

withholding of 25 percent or more of defendant's disposable earnings, plaintiff's creditor garnishment is impermissible under the Act.

This conclusion is reinforced by the manner in which § 1673 has been construed by the Secretary of Labor, who is charged with enforcing the provisions of the Act. Department of Labor regulations state in pertinent part as follows:

> Compliance with the provisions of section [1673](a) and (b) may offer problems when there is more than one garnishment. In that event the priority is determined by state law or other federal laws as the [Act] contains no provisions controlling the priorities of garnishments. However, in no event may the amount of any individual's disposable earnings which may be garnished exceed the percentages specified in section [1673]. To illustrate:

> .    .    .    .    .

> (iv) If 25% or more of an individual's disposable earnings were withheld pursuant to a garnishment for support, and the support garnishment has priority in accordance with state law, the Consumer Credit Protection Act does not permit the withholding of any additional amounts pursuant to an ordinary garnishment which is subject to the restrictions of section 303(a).

29 C.F.R. § 870.11.

The court is sympathetic to plaintiff's argument that the statute as thus construed may help debtors to evade payment of their just debts if they collusively procure orders of support that exceed the general statutory maximum of 25 percent. However, the point that garnishment restrictions may have the effect of assisting debtors to avoid payment of their debts was considered and debated in Congress prior to the passage of the Act. *See e.g.,*

H.R.Rep. Reprint at 1978; remarks of Representative Jones, 114 Cong.Rec. 1834–35 (1968).[2] This court is not free to tamper with the way in which Congress has chosen to balance the interests of the debtor, his family, and his creditors.

It is the finding of the undersigned that the order for wage assignment for child support obligations is a "garnishment order" within the meaning of the Consumer Credit Protection Act, and under applicable Tennessee law, such order is entitled to priority over the nonexempt garnishment filed by plaintiff. Further, because the garnishment order for child support fully absorbs the maximum part of defendant's disposable earnings subject to garnishment within the meaning of the Consumer Credit Protection Act, 15 U.S.C. § 1673, nothing can be withheld pursuant to plaintiff's garnishment application.

### Amended Claim for Exemptions

Since defendant has no wages subject to garnishment under the Consumer Credit Protection Act, it is not necessary to address defendant's amended claim for exemptions [Doc. 15].

### Conclusion

Accordingly, for the reasons stated above, it is the recommendation of the undersigned that plaintiff's writ of garnish-

ment [Doc. 3] be quashed, and this case be dismissed.[3]

March 29, 2001.

---

2. *See also* remarks of Representative Sullivan, 114 Cong.Rec. 14388 (1968): By far, the biggest controversy in the whole bill—even larger than the controversy over revolving credit—involved the subject of garnishment. In H.R.11601 as originally introduced, we proposed the complete abolishment of this modern-day form of debtor's prison.... But we were willing to listen to the weight of the testimony that restriction of this practice would solve many of the worst abuses, while abolishment might go too far in protecting the career deadbeat.

3. Any objections to this report and recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Such objections must conform to the requirements of Rule 72(b), Fed.R.Civ.P. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers,* 829 F.2d 1370 (6th Cir. 1987).