*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MULLOY FAMILY TRUST and THE ALTHEA H. MULLOY TRUST.

JOHN MULLOY,

Petitioner-Appellant,

v

KERRY MULLOY, MICHAEL MULLOY, and PATRICK MULLOY,

Respondent-Appellees,

and

ALTHEA H. MULLOY,

Appellee

UNPUBLISHED
February 19, 2019

No. 342526
Midland Probate Court
LC No. 17-008885-TV

Before:  M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Petitioner John Mulloy appeals by right the order of the probate court finding his petition frivolous and awarding $37,583.80 in attorney fees and costs to respondents Kerry Mulloy, Michael Mulloy, and Patrick Mulloy (collectively, "respondents").[1]  We affirm.

---

[1] Because of the identical surnames of the parties, when speaking of them individually we will generally refer to them by their first names.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 1990, Althea Mulloy and her now-deceased husband John B. Mulloy created the Mulloy Loving Trust. After John's death in 1995, the Mulloy Loving Trust became an irrevocable trust known as the Mulloy Family Trust (hereinafter "the Family Trust"). In 1996, Althea created a revocable living trust, the Althea H. Mulloy Trust (hereinafter "the Althea Trust"). Althea, Kerry and Michael are co-trustees of the Family Trust. Althea was the sole trustee of the Althea Trust until 2014, when she amended the trust to name herself, petitioner, and Michael as co-trustees.

In 2016, respondents signed a document purporting to remove petitioner as a co-trustee of the Althea Trust pursuant to the trust language, and to appoint Kerry as a co-trustee. In 2017, petitioner filed a petition with the probate court seeking removal of all trustees from both trusts and the appointment of an independent trustee to administer both trusts. The petition alleged in relevant part as follows:

> 7. ALTHEA H. MULLOY presently resides in assisted living and suffers from a progressive dementia condition although she has not been legally or medically determined to be incompetent at this time.

> 8. None of the parties in this matter have fiduciary or trustee experience outside the realm of their current appointments under these Trusts.

> 9. ALTHEA H. MULLOY's children are disparate [sic] in terms of location, values and interests particularly when it comes to their Mother and the management of her financial affairs which [sic] are primarily comprised of the Trust assets.

> 10. The Petitioner submits than an independent Trustee is needed under both Trusts at this time in order to protect ALTHEA H. MULLOY and obtain the intended benefits for her during her lifetime for the following reasons:

> a. The Respondents KERRY, MICHAEL and PATRICK have improperly attempted to terminate JOHN as a Trustee of the Althea H. Mulloy Trust, having failed to establish the prerequisites of ALTHEA'S incompetence or cause of Petitioner's removal as required by the Trust . . . .

> b. The strained relations between the Petitioner and his Brother-Respondents evidence by a general lack of communications, transparency and trust.

> c. The Respondents have stated concerns about preserving the assets of the Trust for themselves rather than expending or preserving the same for their mother's benefit.

> d. The refusal to sell along with the continuing retention and the attendant maintenance, tax and insurance cost of a cottage property that goes virtually unused.

e.      The current freeze on investment activity imposed by the account custodians due to the uncertainty of their authority under the prevailing circumstances.

f.      There is presently a complete breakdown in trust and cooperation between Respondents and Petitioner and under the circumstances neither the Respondents nor the Petitioner will be able to meet their fiduciary duties as Trustees.

The petition requested that the probate court appoint an independent trustee and order all current trustees to resign their positions and present final accountings.

The parties conducted discovery. In August of 2017, Althea filed a motion for summary disposition,[2] arguing that the petition had failed to allege that she was incompetent or otherwise incapacitated, or to otherwise allege any basis for her removal as trustee or for the removal of Kerry and Michael in contravention of her wishes as settlor of both trusts, current co-trustee, and current sole beneficiary of both trusts. Respondents also filed a joint motion for summary disposition in August 2017, arguing that the petition had failed to allege, and petitioner had failed to prove, any grounds for the removal of any trustees or any actual damages arising from the actions of the current co-trustees, noting that the petition made reference to assets that were not a part of either trust. They also argued that the petition was frivolous.

After a hearing, the probate court granted both motions, holding that the petition had failed to state a claim on which relief could be granted and that there was no genuine issue of material fact, such that respondents were entitled to summary disposition. The probate court noted that it lacked the power to remove Althea and appoint an independent trustee as long as she was alive, competent, and had not resigned as trustee, and that nothing in the petition challenged Althea's competency. The probate court noted that respondents had argued that they were entitled to attorney fees and costs, but it reserved that issue for a separate hearing. Respondents subsequently moved the trial court to impose sanctions on petitioner for a frivolous filing and to award respondents attorney fees and costs, for having to defend the petition, as a sanction, as reimbursement from the trust, or as a combination of the two.

After a hearing on respondents' motion for reimbursement of attorney fees and sanctions, the probate court issued a written opinion and order finding petitioner's initial petition frivolous because "there was no reasonable basis to believe that the facts underlying [petitioner's] legal position were in fact true." The probate court awarded respondents $37,583.80 in attorney fees and costs, of which $10,000 was to be paid by petitioner individually, while the remaining $27,583.80 was to be paid from the trusts "in proportions as recommended by the trustees." The court further ordered that if the trust assets were insufficient to pay these fees, the amount "shall be paid by the individuals pursuant to their own attorney-client contracts."

---

[2] It is not clear whether the petition named Althea as a respondent, but in any event as a co-trustee, settlor, and sole beneficiary of both trusts she possessed the right to participate in the action as an interested person. See MCR 5.125(C)(32),(33).

-3-

The probate court later denied reconsideration of its order granting the motions for summary disposition. This appeal followed. On appeal, petitioner does not challenge the underlying order granting the motions for summary disposition, but only the order awarding attorney fees and costs.

## II. FINDING OF FRIVOLOUSNESS

Petitioner argues that the probate court erred by finding his initial petition frivolous. We disagree. We review for clear error a trial court's finding that an action is frivolous. See *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. We review trust language de novo as a question of a law. *In re Estate of Reisman*, 266 Mich App 522, 526; 702 NW2d 658 (2005).

At the outset, we note that we agree with respondents that the $27,583.80 ordered to be paid to respondents from the trusts was not a sanction, but instead was reimbursement to the trustees[3] for expenses incurred in defending the petition. The Althea Trust and Family Trust both contain language providing for the reimbursement of expenses incurred by trustees in administering the trust. MCL 700.7904(2) provides that a trustee who "participates in a civil action or proceeding in good faith" is entitled to receive "all expenses and disbursements including reasonable attorney fees that the trustee incurs in connection with its participation." Counsel for respondents noted at the hearing that "Kerry Mulloy [and] Michael Mulloy are both trustees . . . and therefore entitled to reimbursement from the trust" and that respondents were seeking "both sanctions from the petitioner and reimbursement of any fees that are not sanctioned." The probate court's award, while not explicitly labeling the two awards as either sanctions or reimbursement, does make it clear that the $27,583.80 is to be paid from trust assets and that, if those assets are insufficient, respondents then are responsible for any remaining portion of that amount. Therefore, petitioner's argument concerning the probate court's finding of frivolousness only impacts the probate court's order that petitioner is personally responsible for payment of $10,000 in attorney fees to respondents.

MCR 2.625(A)(2) provides that a trial court may impose sanctions on a party if it finds that "an action or defense was frivolous," and award costs as provided by MCL 600.2591. MCL 600.2591(2) provides that such costs "shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees." An action is frivolous if "[t]he party had no reasonable basis to believe that the facts underlying the party's legal position were in fact true" or "[t]he party's legal position was devoid of arguable legal merit." MCL 600.2591(3)(a)(*ii*), (*iii*).

Nothing in the initial petition alleged that Althea had died, resigned, or was incapacitated. Although the petition stated that Althea suffered "a progressive dementia condition," it went on

---

[3] Although Patrick was not a co-trustee, none of the attorney fees submitted were for legal work performed solely on his behalf; rather, he appears to have benefited from work done on behalf of the trustee respondents in responding to the petition.

to assure the court that "she has not been legally or medically determined to be incompetent at this time." In fact, the petition later asserted that the other trustees had "failed to establish the prerequisites of ALTHEA's incompetence or cause for Petitioner's removal" in their attempts to remove him as co-trustee of the Althea Trust. The language of the Althea Trust permits Althea to direct the use of all trust assets and income as she sees fit as long as she is alive and not incapacitated. Article 10 of the Althea Trust permits Althea to remove any trustee during her lifetime, without cause, notice, or any reason. Article 8 permits "the person or persons with the power to remove a trustee under Article 10" to appoint successor trustees in the event of a vacancy. And Article 2 of the Althea Trust permits Althea to amend or revoke the trust. Althea's power over the trust does not depend on her being a trustee, but only on her being alive and not determined to have been incapacitated. In short, without a determination of Althea's incapacity, any action the probate court may have taken to remove respondents as trustees would have usurped Althea's absolute rights under the trust. Yet petitioner did not even allege that Althea was, or may have been, incapacitated. With regard to the Althea Trust, petitioner's attempt to remove respondents as trustees without addressing the issue of Althea's capacity lacked legal merit. MCL 600.2591(3)(a)(*iii*).

With regard to the Family Trust, the petition did not explain the basis, either in trust language or in statute, for petitioner's request to remove the trustees and replace them with an independent trustee. Although petitioner asserted that there were "strained relations" and "a complete breakdown in trust and cooperation between Respondents and Petitioner," petitioner was never a trustee for the Family Trust. Although on appeal petitioner cites MCL 700.7706(2)(b) as a statutory basis for his seeking the removal of the trustees of the Family Trust, that statute permits a probate court to remove a trustee if "lack of cooperation *among cotrustees* substantially impairs the administration of the trust." (Emphasis added). The petition did not allege any of the other grounds for removal of a trustee found in MCL 700.7706. See MCL 700.7706(2)(a), (c)-(d). Instead the petition merely alleged that petitioner and respondents disagreed over the administration of both trusts. Moreover, the documents attached to the petition indicated that Althea was a co-trustee of the Family Trust and possessed the power to amend that trust.[4] Again, without addressing Althea's capacity or other reasons why she should be removed as trustee for the Family Trust, petitioner's claim for the appointment of an independent trustee was devoid of legal merit. MCL 600.2591(3)(a)(*iii*).

Petitioner argues that the probate court erred by relying on a statement he made at his deposition, describing Althea as "a pretty savvy business woman," to conclude that petitioner

---

[4] Subsequent filings of the complete trust documents by respondents reveal that they provide that after one of the settlors dies or becomes disabled, the other settlor may remove any trustee, and only after the death or incapacity of *both* John and Althea may a "majority of beneficiaries" remove a trustee. Petitioner asserted at the time he filed the petition that he had been denied the complete trust documents by respondents. Because the probate court was required to evaluate petitioner's claims at the time they were made when determining whether to apply sanctions, see *In re Costs & Attorney Fees*, 250 Mich App 89, 94-95; 645 NW2d 697 (2002), we do not base our opinion on the portions of the Family Trust documents that, taking petitioner at his word, were not made available to him until after the petition was filed.

had admitted to Althea's capacity. Although the probate court did make reference to petitioner's statement, it does not appear that it relied on that statement in making its ruling; rather, it merely "highlighted" that statement in its opinion when discussing the complete lack of allegations regarding Althea's capacity. We do not find clear error in the trial court's reference to this statement or in its finding that the initial petition was frivolous.[5] See *Kitchen*, 465 Mich at 661.

### III. REASONABLE ATTORNEY FEES

Petitioner also argues that the trial court erred by determining that the fees imposed were reasonable, without referring to the factors enumerated in *Smith v Khouri*, 481 Mich 519, 528-529; 751 NW2d 472 (2008). We disagree. We generally review for an abuse of discretion a probate court's determination that attorney fees are reasonable. See *Smith*; 481 Mich at 526; see also *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). However, petitioner did not challenge in the probate court the reasonableness of the fees requested by respondents. We need not consider a challenge to the reasonableness of an attorney fee award raised for the first time on appeal. *Milligan v Milligan*, 197 Mich App 665, 671; 496 NW2d 394 (1992). In any event, petitioner does not actually contest the reasonableness of the fees awarded, but only faults the probate court for failing to conduct a full analysis of the reasonableness of the fees using the *Smith* factors. The probate court was only required to engage in such an analysis if the reasonableness of the fees was contested. See *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005); see also *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 113; 593 NW2d 595 (1999) (stating that "[t]he trial court should normally hold an evidentiary hearing when the opposing party challenges the reasonableness of a fee request"). Because petitioner admits that he never contested the reasonableness of the fees, the probate court did not abuse its discretion by failing to conduct such an analysis on the record. *Smith*; 481 Mich at 526.

Affirmed.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[5] Although the probate court's order described the petition a lacking a "reasonable basis to believe that the facts underlying [petitioner's] legal position were in fact true," the frivolous nature of the initial petition is, in our opinion, better described as being devoid of legal merit. Although petitioner did indeed file documents with the probate court in support of his damages claim, and those documents contained incorrect information about funds and property that were not trust assets, the probate court specifically found that the *initial* petition was a frivolous filing. The faults in the initial petition were based on petitioner's failure to allege any legally meritorious basis for the removal of trustees from either trust. The probate court was required to evaluate the petition at the time it was filed. *Costs & Attorney Fees*, 250 Mich App at 94-95.