PAULSON v PAULSON

Docket No. 231681. Submitted October 9, 2002, at Lansing. Decided
December 27, 2002, at 9:15 A.M.

Douglas J. Paulson obtained a divorce from Laurel Paulson in the Cal-
houn Circuit Court. Physical custody of the parties' minor child
was granted to the defendant, and the plaintiff was ordered to pay
child support. An order for the abatement of child support pay-
ments was thereafter entered upon stipulation of the parties. The
defendant qualified for social security disability benefits, and the
child began receiving disability benefits based on the defendant's
earnings record. The plaintiff thereafter qualified for social security
disability benefits and, in response to the defendant's request that
he voluntarily resume paying child support, filed a motion in the
circuit court for the modification or elimination of his child sup-
port obligation. The court, Conrad J. Sindt, J., entered an order
continuing child support abatement. The court determined that the
child support guidelines did not expressly apply to the circum-
stances presented by this case, but then applied the guidelines as
though the plaintiff had commenced receiving disability benefits
before the defendant, and as though the child were receiving dis-
ability benefits based on the plaintiff's earnings record. The court
determined that these direct benefits to the child would have
exceeded the plaintiff's support obligation as the noncustodial par-
ent and concluded that the plaintiff should not be required to pay
child support in light of the plaintiff's uninsured medical expenses.
The defendant appealed by leave granted.

The Court of Appeals *held*:

1. The circumstances presented by this case are not accounted
for in the child support guidelines, and the trial court correctly
found that it would be appropriate to deviate from the child sup-
port formula.

2. The trial court did not abuse its discretion in using the guide-
lines formula as though the plaintiff had first received disability
benefits and the child's benefits derived from the plaintiff's earn-
ings record to determine that the plaintiff had no support obliga-
tion. A child support order may be modified by a court as the cir-
cumstances of the parents and the benefit of the child shall require.

3. The trial court's deviation from the guidelines formula was not based on income disparity between the parties.

Affirmed.

*Bryan C. Dandenault* for the plaintiff.

*David K. Ryan* for the defendant.

Before: HOEKSTRA, P.J., and WILDER and ZAHRA, JJ.

PER CURIAM. Defendant appeals by delayed leave granted the trial court's order continuing child support abatement. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

I

Defendant and plaintiff were divorced in December 1987. The judgment of divorce granted defendant physical custody of the parties' son, Kevin, born April 7, 1986, and required plaintiff to pay $35 a week in child support. In May 1990, the court entered a stipulated order of abatement of child support. The reasons for the abatement order are not clear from the record. In July 1990, defendant qualified for social security disability benefits in the amount of $1,185 a month, which included $617 in social security benefits for Kevin. The defendant also began receiving $432 a month from disability insurance.[1] Defendant testified that despite the order of abatement, plaintiff voluntarily paid child support in the amount of $65 a week until he lost his job in April 1992. In December 1992, plaintiff qualified for social security disability

---

[1] Defendant did not actually receive a disability check until 1992, but benefits were retroactive to July 1, 1990.

benefits and began receiving benefit payments of $1,080 a month in September 1993. According to defendant, plaintiff made three additional voluntary child support payments totaling $800 after qualifying for social security benefits.

In 1996, defendant's health worsened and she requested that plaintiff resume voluntary weekly payments of child support, but plaintiff refused to do so. Plaintiff then filed a motion to modify or eliminate his child support obligation. The parties stipulated that the matter be referred to the friend of the court (FOC) for a recommendation. After its review, the FOC recommended that plaintiff pay $47 a week in child support. Plaintiff sought review de novo of the FOC recommendation, and the trial court held an evidentiary hearing. Both parties agreed that in deciding the question before it, the trial court was required to determine whether § II.D of the child support guidelines applied where both parties received social security disability benefits.

After hearing testimony from both parties and representatives of the FOC, the trial court found that the child support guidelines did not expressly apply to the circumstances presented here where both parents of the minor child received social security disability benefits. The trial court noted that if plaintiff had commenced receiving his disability benefits before defendant had received them, the disability benefits received directly by the minor child would have derived from plaintiff rather than from defendant. The trial court also noted that these direct benefits to the child would have exceeded plaintiff's support obligation as the noncustodial parent and that, therefore, no support would have been required under the guide-

lines. The trial court then applied the formula set forth in § II.D, as though plaintiff had commenced receiving disability benefits before defendant, and found that after applying that formula to the facts in this case, and further considering that plaintiff had substantial uninsured medical expenses, as a matter of equity plaintiff would not be required to pay child support. This appeal ensued.

II

Modification of a child support order is a matter within the trial court's discretion, and, therefore, we review the trial court's decision for an abuse of discretion. *Burba v Burba (After Remand)*, 461 Mich 637, 647; 610 NW2d 873 (2000). Whether a trial court operating within the statutory framework of MCL 552.17 has stated adequate reasons for departure from the child support guidelines formula is, however, a question of law that we review de novo. *Id.*

III

The parents of a minor child have a duty to support that child. *Macomb Co Dep't of Social Services v Westerman*, 250 Mich App 372, 377; 645 NW2d 710 (2002). In determining the relative levels of support to be provided by each parent, the Legislature has required the application of the formula set forth in the Michigan Child Support Formula Manual. *Burba, supra* at 643. The Legislature commanded that the formula be based on the needs of the child and the actual resources of each parent, and, as drafted, the formula is based on factors such as parental income, family size, and the children's ages. *Id.*; MCL

552.519(3)(a)(vi); Michigan Child Support Formula Manual (West, 2001), p VI. Pursuant to MCL 552.17, a support order may be modified by a court "as the circumstances of the parents and the benefit of the children shall require." *Burba, supra* at 643. The court may deviate from the formula only if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate. *Ghidotti v Barber*, 459 Mich 189, 198; 586 NW2d 883 (1998).

Section II.D of the Child Support Formula Manual states:

> When children receive dependent benefits from a Social Security Retirement, Survivor's or Disability Insurance Program based on the earnings record of the noncustodial parent, those benefits should *not* be considered as income to the custodial parent. However, those benefits should be considered, for the purpose of making a child support determination, according to the following instructions:
>
> *Step 1*: Determine the noncustodial and the custodial parents' net weekly income.
>
> *Step 2*: Determine the normal support amount from the appropriate schedule.
>
> *Step 3*: Determine the weekly amount of Social Security benefits attributable to the noncustodial parent received by the child(ren) and subtract from the appropriate amount of support calculated based on the parents' incomes.
>
> If the grant received by the child(ren) from Social Security is *greater than* the normal support recommendation, no support should be recommended. If the grant received by the child(ren) from Social Security is *less than* the normal support recommendation, the difference between the grant amount and the support recommendation should be made up by the support.
>
> *Example:* Adjust support for noncustodial social security benefits paid for minor children.

*Step 1:* Determine the noncustodial and the custodial parents' net weekly incomes.

The noncustodial parent earns $400 net per week.

The custodial parent earns $200 net per week.

*Step 2:* For the five minor children, determine the normal support amount from the five or more children schedule.

$214 support per week for five children.

*Step 3*: Determine the weekly amount of Social Security benefits attributable to the noncustodial parent received by the child(ren).

The benefits received for the children on behalf of the noncustodial parent are $430 per month.

$430 (per month) ÷ 4.345 (weeks per month) = $99 per week

and subtract from the appropriate amount of support calculated based on the parent's incomes.

$214 support per week − $99 social security per week = $115 per week

All other Social Security Retirement, Survivor's or Disability Insurance Benefits received by the children shall be considered income of the custodial parent. (For Supplemental Security Income (SSI), see Means Tested Sources of Income on page 6)[.]

We find that the trial court correctly concluded that § II.D of the guidelines did not apply to the facts presented here. The guidelines do not account for the unique circumstance in which both parents receive social security disability payments and, because the custodial parent was first to receive her benefits, the child receives direct disability benefits based on the earnings record of the custodial parent rather than the noncustodial parent. Instead, the guidelines only account for a circumstance in which the child receives disability benefits based on the earnings record of the noncustodial parent. Because the circumstances presented in this case are not accounted

for in the guidelines manual, the trial court correctly found that it would be appropriate to deviate from the child support formula. *Ghidotti, supra.*

We further find that the trial court did not abuse its discretion in using the guidelines formula to calculate child support as though plaintiff had first received disability benefits and that the minor child's benefits derived from plaintiff's earning records, thus determining that plaintiff had no support obligation. As we noted above, a support order may be modified by a court "as the circumstances of the parents and the benefit of the children shall require." *Burba, supra* at 643. Here, the trial court correctly found that had the minor child's benefits derived from plaintiff's disability, plaintiff would have no support obligation under the guidelines. The trial court also correctly identified the fact that the minor child derives a greater disability benefit based on defendant's earnings record than he would have under plaintiff's earnings record. Therefore, considering the needs of the child and the health circumstances of plaintiff, the trial court did not abuse its discretion in treating the guidelines as though they applied to these facts.

Defendant further contends that the trial court's deviation from the guidelines formula was based on income disparity between the parties and therefore was an abuse of discretion. We disagree. Defendant correctly asserts that income disparity between the parties does not render the application of the child support formula unjust or inappropriate. *Burba,* supra at 648-649. However, the trial court did not consider income disparity as a factor, but instead determined that because the child's needs were appropriately met by the disability benefits received and derived from

defendant, and because plaintiff's health and lack of insurance required him to incur substantial medical expenses without assistance, application of the guidelines in this unique circumstance was unjust and inappropriate. An abuse of discretion occurs if the results of the trial court's decision are so grossly violative of fact and logic that they evidence a perversity of will, a defiance of judgment, or the exercise of passion or bias. *Mixon v Mixon*, 237 Mich App 159, 163; 602 NW2d 406 (1999). Far from an abuse of discretion, the trial court carefully fashioned a result intended to comply with the directives of the child support formula while appropriately recognizing the needs of the child and the unusual circumstances of the parents.

Affirmed.