# STATE OF MICHIGAN

# COURT OF APPEALS

EKA KRISTIANTI,

        Plaintiff-Appellee,

v

TIMOTHY KARPPINEN,

        Defendant-Appellant.

UNPUBLISHED
August 31, 2017

No. 332676
Muskegon Circuit Court
LC No. 15-262635-DM

Before: GADOLA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right the judgment of divorce entered by the trial court in which the trial court declined to order plaintiff to pay child support. We reverse and remand for further proceedings consistent with this opinion.

Defendant and plaintiff married in 1999 and have one son who was born in November 2000. Defendant retired in 2007 and began receiving pension and Social Security benefits. As a result of defendant's retirement, the parties' child receives Social Security Dependent Benefits (SSDB) for which defendant serves as the representative recipient. During 2015, the child received approximately $1,045 SSDB each month.

Plaintiff filed for divorce in February 2015. Before the parties separated, the Friend of the Court prepared a Child Support Prognosticator 2015 Report that calculated defendant's support obligation at $47.10 monthly based upon the 2013 Michigan Child Support Formula (2013 MCSF). The trial court thereafter entered an interim custody order stating that defendant was not obligated to pay that amount to plaintiff due to the offset provided by the SSDB being received by the child.

The parties thereafter agreed that they would share legal custody of their child and that defendant would have primary physical custody. Before trial, the Friend of the Court determined that pursuant to the 2013 MCSF plaintiff's monthly child support obligation was $583.20. At trial, plaintiff argued that the trial court should deviate from the 2013 MCSF because it would be unjust and inappropriate to require her to pay child support given that the child receives $1,045 monthly in SSDB. The trial court agreed and entered the judgment of divorce and accompanying support order that did not require plaintiff to pay child support to defendant. The trial court reasoned on the record that under the MCSF, plaintiff would receive a credit toward child support for the SSDB benefits the child was receiving if the benefits were being derived from

-1-

plaintiff's earnings record instead of defendant's earnings record. On appeal, defendant argues that the trial court erred by deviating from the MCSF to exempt plaintiff from paying child support.

The parents of a minor child are legally obligated to support that child. MCL 722.3; *Paulson v Paulson*, 254 Mich App 568, 571; 657 NW2d 559 (2003). Child support ensures that a child's immediate needs are met on a continuing basis. *Milligan v Milligan*, 197 Mich App 665, 667; 496 NW2d 394 (1993). When determining the amount of child support a parent must pay, trial courts generally must impose the amount indicated by application of the Michigan Child Support Formula (MCSF). MCL 552.605(2). The relative levels of child support to be provided by each parent as determined by using the formula in the MCSF are based on the needs of the child and the actual resources of each parent. *Paulson*, 254 Mich App at 571, citing *Burba v Burba (After Remand)*, 461 Mich 637, 643; 610 NW2d 873 (2000).

A trial court may deviate from the MCSF, however, if it determines that application of the formula would be unjust or inappropriate under the facts of the case and makes certain findings on the record or in writing. MCL 552.605(2); *Stallworth v Stallworth*, 275 Mich App 282, 283-284; 738 NW2d 264 (2007). MCL 552.605(2) provides:

> Except as otherwise provided in this section, the court shall order child support in an amount determined by application of the child support formula developed by the state friend of the court bureau as required in section 19 of the friend of the court act, MCL 552.519. The court may enter an order that deviates from the formula if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following:

> (a) The child support amount determined by application of the child support formula.

> (b) How the child support order deviates from the child support formula.

> (c) The value of property or other support awarded instead of the payment of child support, if applicable.

> (d) The reasons why application of the child support formula would be unjust or inappropriate in the case.

When deviating from the child support formula, articulating these criteria is mandatory, *Burba*, 461 Mich at 644, and our Supreme Court has noted that "[t]he importance the Legislature attached to courts carefully articulating these factors when deviating from the formula cannot be underestimated[.]" *Id*. Thus, when deviating from the child support formula in this case, the trial court was required to state (1) the amount of child support determined by application of the formula, (2) how its order was deviating from the formula, (3) the value of property or support awarded in lieu of child support, if applicable, and (4) the reason for the trial court's deviation from the formula. MCL 552.605(2); *Burba*, 461 Mich at 645-646.

In this case, the trial court set forth its decision regarding child support on the record, stating:

> In this case dad has the child in his custody. If that Social Security was because of mom, that Social Security would be considered her child support. She wouldn't have to pay any. It would be considered child support, and the father would be getting that.
>
> In this case, because it's from the father and the child is with the father, then its considered, well it's not considered child support because it was earned by the Father, the father has got the child, and therefore, the mother will have to pay child support.
>
> Well, it's – the child support in this case is going to be the Social Security amount. I am not going to make the mom pay any extra child support. The child support -- The Social Security is for the purpose of the support of the child while he is a child. He doesn't get that money outside when he becomes an adult. It's there and it's there because either the mother or the father gets Social Security, and then the child gets Social Security because the mother or father did. Therefore, I consider that child support, and that goes for the support of the child.
>
> The father does not have to say, hey, this is what I'm spending that child support on or that Social Security on. He does not have to put it in a bank account to say that he can use this for college. That Social Security is child support. It's to be used for the support of this child, which means the father gets that. He has the child, and he spends it. If he spends it on his mortgage payment, on the utilities, on soap, I mean, it's to maintain the life of that child. And let me tell you, that thousand dollars that he's getting for that child is – a child usually costs more than that to raise anyway.
>
> So I am considering that child support and mother doesn't -- I am deviating; mother does not have to pay any extra child support. That child support I believe is $1,045.

The trial court thereafter entered the judgment of divorce which provides with respect to child support:

> IT IS FURTHER ORDERED AND ADJUDGED that the attached Uniform Child Support Order shall be and is hereby incorporated in its entirety.

The Uniform Child Support Order referenced in the judgment provides, in relevant part:

> NO CHILD SUPPORT IS ORDERED AS THIS COURT ORDERED ON 1/23/16 THAT IT WOULD DEVIATE FM [sic] GUIDELINE CHILD SUPPORT OF $583.20/MO. AND THAT THE CHILD WOULD JUST CONTINUE TO RECEIVE HIS MONTHLY SOCIAL SECURITY PAYMENT.

Accompanying the Uniform Child Support Order is a Uniform Child Support Order Deviation Addendum which calculates plaintiff's monthly child support obligation at $583.20, and provides in part:

> Applying the Michigan Child Support Formula is unjust or inappropriate because: THE CHILD IS ALREADY RECEIVING A SOCIAL SECURITY AWARD OF $1045/MO. . . . AFTER REVIEW, THIS COURT DETERMINED THAT NO CHILD SUPPORT WOULD BE ORDERED AND IT WOULD DEVIATE FROM GUIDELINE CHILD SUPPORT OF $583.20/MO DUE TO THE CHILD ALREADY RECEIVING SOCIAL SECURITY OF $1045/MO.

In this case, the trial court stated on the record what the deviation would be and the trial court's reason for the deviation. The trial court then entered a child support order incorporated by reference into the judgment of divorce stating the amount of plaintiff's child support obligation calculated by application of the child support formula, how the child support order deviates from the formula, and the reason why the trial court determined that application of the child support formula would be unjust or inappropriate in this case. The trial court in this case therefore complied with MCL 552.605(2) in deviating from the child support formula.

Defendant argues, however, that the trial court erred by finding that the amount of child support dictated by the MCSF was unjust or inappropriate, and thereby erred in deviating from the MCSF to exempt plaintiff from paying child support. Whether a trial court has properly reached the determination of child support under the child support formula or pursuant to the statutory deviation criteria is a question of law that we review de novo. *Burba*, 461 Mich at 647. The trial court's findings of fact underlying the determination of child support, we review for clear error. MCR 2.613(C); *Beason v Beason*, 435 Mich 791, 803; 460 NW2d 207 (1990). A trial court's discretionary ruling, however, we review for an abuse of that discretion. *Borowsky v Borowsky*, 273 Mich App 666, 672; 733 NW2d 71 (2007). A trial court abuses its discretion when it selects an outcome not within the range of reasonable and principled outcomes. *Stallworth*, 275 Mich App at 284. Specifically, "[a] trial court abuses its discretion when it relies on a legally improper reason for departing from the MCSF in establishing a parent's child support obligation." *Ewald v Ewald*, 292 Mich App 706, 715; 810 NW2d 396 (2011).

As noted above, though a trial court generally is obligated to follow the MCSF when determining the child support obligations of parents, a trial court may deviate from the MCSF if it determines that application of the formula would be unjust or inappropriate under the facts of the case. See *Stallworth*, 275 Mich App at 284; see also MCL 552.605(2). 2013 MCSF 104 provides guidance[1] for deviation from the formula as follows:

---

[1] This Court has held that "[j]ust as with a statute, courts must comply with the plain language of the MCSF, and may not read language into the MCSF that is not present." *Clarke v Clarke*, 297 Mich App 172, 179; 823 NW2d 318 (2012), citing *Peterson v Peterson*, 272 Mich App 511, 518; 727 NW2d 393 (2007).

(A)     When applying the formula would lead to an unjust or inappropriate result, the court may exercise its discretion, and, on a case-by-case basis, deviate from the formula and determine a more appropriate support amount. Deviations cannot be based solely on disagreement with the policies embodied in the formula.

* * *

(D)     In exercising its discretion to deviate, the court may consider any factor that it determines is relevant. [2013 MCSF 104(A), (D).]

2013 MCSF 104(E) provides further guidance regarding circumstances that may necessitate deviation from the formula as follows:

(E)     Deviation Factors

Strict application of the formula may produce an unjust or inappropriate result in a case when any of the following situations occur:

(1)     The child has special needs.

(2)     The child has extraordinary educational expenses.

(3)     A parent is a minor.

(4)     The child's residence income is below the threshold to qualify for public assistance, and at least one parent has sufficient income to pay additional support that will raise the child's standard of living above the public assistance threshold.

(5)     A parent has a reduction in the income available to support a child due to extraordinary levels of jointly accumulated debt.

(6)     The court awards property in lieu of support for the benefit of the child (§4.03).

(7)     A parent is incarcerated with minimal or no income or assets.

(8)     A parent has incurred, or is likely to incur, extraordinary medical expenses for either that parent or a dependent.

(9)     A parent earns an income of a magnitude not fully taken into consideration by the formula.

(10)     A parent receives bonus income in varying amounts or at irregular intervals.

(11)     Someone other than the parent can supply reasonable and appropriate health care coverage.

(12)　A parent provides substantially all the support for a stepchild, and the stepchild's parents earn no income and are unable to earn income.

(13)　A child earns an extraordinary income.

(14)　The court orders a parent to pay taxes, mortgage installments, home insurance premiums, telephone or utility bills, etc. before entry of a final judgment or order.

(15)　A parent must pay significant amounts of restitution, fines, fees, or costs associated with that parent's conviction or incarceration for a crime other than those related to failing to support children, or a crime against a child in the current case or that child's sibling, other parent, or custodian.

(16)　A parent makes payments to a bankruptcy plan or has debt discharged, when either significantly impacts the monies that parent has available to pay support.

(17)　A parent provides a substantial amount of a child's day-time care and directly contributes toward a significantly greater share of the child's costs than those reflected by the overnights used to calculate the offset for parental time.

(18)　A child in the custody of a third-party recipient spends a significant number of overnights with the payer that causes a significant savings in the third party's expenses.

(19)　The court ordered nonmodifiable spousal support paid between the parents before October 2004.

(20)　When a parent's share of net child care expenses exceeds 50 percent of that parent's base support obligation calculated under §3.02 before applying the parental time offset.

(21)　Any other factor the court deems relevant to the best interests of a child.

Nothing in 2013 MCSF 104(E) mandates that this list of scenarios represents the exclusive list of scenarios that may warrant deviation. In fact, 2013 MCSF 104(D) provides that when exercising its discretion to deviate, a trial court may consider any factor that the court determines to be relevant. Similarly, this Court in *Paulson* determined that when the circumstances of a particular case are not accounted for by the MCSF, the trial court may appropriately deviate. *Paulson*, 254 Mich App at 573.

In this case, the child receives approximately $1045 SSDB monthly as a result of defendant receiving Social Security retirement benefits. The trial court reasoned that if the child were receiving SSDB as the result of plaintiff receiving social security benefits rather than defendant, plaintiff would be entitled to an offset of the SSDB benefits against the amount of child support owed under the MCSF calculations. This is correct. In this regard, 2013 MCSF

3.07(A) provides the following instructions for determining child support when the parent paying the child support (noncustodial parent) is the source of the child receiving SSDB benefits:

> Credit Social Security Retirement, Survivor's, or Disability Insurance benefits paid for the children based on the support payer's earnings record against that parent's support obligation as follows:
>
> > (1)    Determine the total child support obligation.
> >
> > (2)    Determine the monthly benefit amount that is attributable to the payer and that the support recipient receives for the children and then subtract that amount from the total child support obligation.
> >
> > (a)    If the children's payer-based benefit exceeds the total support amount, then no additional support amount should be ordered.
> >
> > (b)    If the children's payer-based benefits are less than the payer's total support amount, then the difference between the benefits received for the children and the total support amount becomes the ordered obligation.

Stated another way, if in this case plaintiff had physical custody of the child, defendant would be able to offset the SSDB being paid on behalf of the child against any support amount calculated under the formula as his support obligation. That is, in that scenario, defendant would not be ordered to actually pay child support unless the amount of support calculated under the MCSF exceeded the $1045 per month the child is receiving in SSDB.[2] This reasoning appears to have formed the basis for the trial court's decision in this case.

This Court in *Paulson* determined that deviation from the MCSF was appropriate under similar circumstances. In *Paulson*, the defendant received custody of the parties' child when the parties divorced. The defendant qualified for Social Security disability benefits and the child received dependent benefits based upon the defendant's earnings record. The plaintiff was ordered to pay child support. Later, the plaintiff also qualified for Social Security disability benefits, and the trial court granted the plaintiff's motion to eliminate his child support obligation, thereby deviating from the child support formula. This Court affirmed the decision to deviate, noting that the MCSF did not account for the unique scenario in which both parents were receiving Social Security disability benefits and, because the custodial parent had been the first to receive benefits, the child's benefits were based upon the custodial parent's earnings record, not that of the noncustodial parent. This Court stated "[i]nstead, the guidelines only account for a circumstance in which the child receives disability benefits based on the earnings record of the noncustodial parent. Because the circumstances presented in this case are not

---

[2] As noted above, shortly after plaintiff filed for divorce the trial court calculated the amount of child support defendant owed as $47.10 monthly, but determined that the offset of the SSDB exempted defendant from having to pay child support to plaintiff.

accounted for in the guidelines manual, the trial court correctly found that it would be appropriate to deviate from the child support formula." *Paulson*, 254 Mich App at 573-574.

In this case, as in *Paulson*, the trial court was presented with circumstances not addressed in the MCSF. As in *Paulson*, in this case the SSDB being received by the child would be offset against the child support obligation if the child's benefits were being paid through the noncustodial parent's earnings record or if the child were placed with plaintiff instead of defendant. Because the trial court in this case was presented with circumstances not addressed in the MSCF and similar to those in *Paulson*, the trial court correctly determined that it was potentially a case supporting deviation from the child support formula.

In *Paulson*, however, after determining that deviation was appropriate in that case, the trial court used the formula to calculate child support as if the minor child's benefits were based on the earnings record of the other spouse, being the plaintiff in that case. The trial court further considered other facts affecting the parties, such as the plaintiff's additional unreimbursed medical expenses. Only after considering those facts specific to the child's needs and the circumstances of the parties did the trial court in *Paulson* deviate from the formula and conclude that the plaintiff was not obligated to pay child support.

In this case, the trial court did not err in considering that the facts of this case may warrant deviation from the child support formula because the MCSF does not account for a situation in which the child's SSDB is paid to the child based upon the earnings record of the custodial spouse. The record, however, does not indicate that the trial court considered the relative incomes of the parties, the needs of the child, or any other particular circumstances of this case. While deviation may be appropriate, the record in this case does not reflect that the trial court considered the specific facts necessary to make that determination. We therefore reverse and remand for the trial court to consider the specific facts of this case, including the relative income of the parties and the needs of the child before determining whether, under the facts of this case, deviation from the child support formula is warranted. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood