*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAX ELLIOT CARPENTER,

        Plaintiff-Appellant,

v

JULIE ELIZABETH CARPENTER,

        Defendant-Appellee.

UNPUBLISHED
January 30, 2020

No. 344512
Eaton Circuit Court
LC No. 2008-000929-DM

Before: O'BRIEN, P.J., and GADOLA and REDFORD, JJ.

PER CURIAM.

Plaintiff-father appeals[1] the trial court's order denying his motion to set aside a Uniform Child Support Order (UCSO) that increased his child support obligation based on his receipt of veterans' disability benefits. The same order awarded defendant-mother $3,310.46 in sanctions, including attorney fees and reasonable costs. We affirm.

## I. BASIC FACTS

The parties were divorced in July 2009, following an eight-year marriage. Two children were born during the marriage. The judgment of divorce granted the parties joint legal custody, with defendant having sole physical custody of the children. At that time, the parties stipulated to a UCSO indicating that plaintiff would pay $1,050 in child support monthly.

In 2010, defendant enlisted in the United States Army. Over the next two years, several support recommendations were prepared by the Friend of the Court (FOC), but each was met

---

[1] We note that the only portion of the order that is within the scope of an appeal of right is the portion of the order awarding attorney fees and costs. However, given that plaintiff's challenge to the provisions concerning the child-support-related provisions is directly related to the award of sanctions, we treat plaintiff's claim of appeal as an application for leave, and we grant leave in order to address the merits of plaintiff's assertions.

-1-

with objections. Thereafter, in September 2012, plaintiff was honorably discharged from the Army at his request due to disability incurred while in the service and motioned the court to recalculate his child-support obligation based on his part-time employment wages. Over a period of nine months, plaintiff's child support obligation was reduced by agreement of the parties to $168 monthly effective January 2014.[2] The UCSO also stated:

> a. Defendant reserves the right to petition to modify the order retroactively should it be determined that Plaintiff receives or is granted veteran's benefits that could have been included in his income under the child support formula and/or veteran's benefits that could be apportioned as child support.

Plaintiff personally agreed to this term as evidenced by his signature on the stipulations giving rise to the UCSO.

Over the years, plaintiff built up an arrearage, and several show-cause hearings were held. During those hearings, plaintiff denied applying for or receiving veterans' benefits. It was not until January 2017, when confronted with documentary evidence that he was awarded a service-connected disability benefit, that plaintiff acknowledged receipt of benefits. However, during the subsequent February 2017 show-cause hearing to determine whether plaintiff was in contempt of court for failing to disclose the income, plaintiff would not disclose when he applied for the benefits or when the benefits began. Nonetheless, at the time of the February 2017 show-cause hearing, plaintiff agreed to petition the United States Department of Veterans Affairs (VA) for an apportionment[3] of those benefits and indicated that when that was resolved, the parties would return to the court and work together to calculate retroactive support. However, plaintiff's request was denied by the VA, and the matter returned to the trial court in July 2017.

Plaintiff then acknowledged that he had applied for VA disability benefits in 2012 and began receiving them in 2014. He confirmed that he had listed the parties' minor children as dependents on his application. He further indicated that the payment amounts varied over the years, and he received some retroactive benefits. At that time, he was receiving $3,321 monthly in VA disability benefits, and records provided by the VA indicated that he had received over $131,000 in benefits through March 2017. Plaintiff also confirmed that the first time he disclosed receiving VA benefits to the FOC was in January 2017. However, he denied purposefully failing to disclose the VA benefits and argued that he should only be required to pay child support based on his earned income.

---

[2] The decrease in child support was effectuated through the entry of three different child support orders with different effective dates, all entered on January 2, 2014.

[3] Apportionment is the VA's direct payment of the dependent's portion of VA benefits to a dependent spouse, child, or dependent parent. The VA decides whether and how much to pay by apportionment on a case-by-case basis. However, the request for apportionment must be submitted by the beneficiary on the required form. See <https://www.benefits.va.gov › WARMS › docs › admin21 › part3 › subptv>.

Defendant asked for an order providing a retroactive increase in plaintiff's child-support obligation as agreed to in 2014. However, plaintiff filed a brief arguing that because he was not eligible for retirement benefits, his service-connected disability compensation was not subject to consideration for child support purposes under a variety of federal statutes. He posited that these statutes barred the State of Michigan from enforcing child support obligations based on his status as a non-retiree and explicitly excluded state-court jurisdiction over VA benefits. Further, plaintiff argued that the power to apportion benefits fell to the VA, and defendant had not requested an apportionment. According to plaintiff, this was the procedure outlined by the Office of Child Support in Memorandum IM-98-03,[4] and was the only available option for defendant.

In August 2017, the FOC referee who had presided over the matter issued a proposed order in which he found that plaintiff "willfully concealed over $130,000.00 in income for a four-year period," and that plaintiff "misled" both defendant and the court because he made false statements during the show-cause proceedings and repeatedly refused to provide details about the receipt of VA disability benefits during the February hearing. Further, after concluding that by making those false statements, plaintiff had engaged in conduct that unreasonably protracted the hearing and resulted in an inaccurate child support calculation, the referee indicated that he believed plaintiff was subject to sanctions under MCR 2.114.[5] The proposed order was entered despite plaintiff's objection, motivating him to file a motion to set aside the order.

Shortly thereafter, the FOC office issued recommendations related to the retroactive modification of child support; however, defendant objected on the grounds that the calculations did not take into account plaintiff's earned income during the relevant times. Eventually, in January 2018, the parties entered into a stipulated child support order reflecting the agreed-upon retroactive modifications based on plaintiff's wages and VA benefits. Within the stipulated orders, the parties reserved the right to amend or modify based on plaintiff's motion to set aside the order and verification of plaintiff's income and insurance premiums.

In support of the motion to set aside the order, plaintiff's attorney continued to argue that because plaintiff's disability income was not based on retirement, Congress had protected plaintiff's benefits and that the federal statutes granting such protections preempted state statutes. However, defendant's counsel informed the court that the United States Supreme Court's decision in *Rose v Rose*, 481 US 619; 107 S Ct 2029; 95 L Ed 2d 599 (1987), had specifically held that veterans' disability benefits were susceptible to inclusion in child support calculations. Although plaintiff's attorney suggested that *Rose* had been superseded by *Howell v Howell*, ___ US ___; 137 S Ct 1400; 197 L Ed 2d 781 (2017), the trial court confirmed that *Rose* was still

---

[4] We note that Memorandum IM-98-03 provides an alternative method for collection of benefits through apportionment in cases such as these, where garnishment of VA benefits is prohibited, but the support payer has not otherwise met their court-ordered obligation.

[5] MCR 2.114 was repealed effective September 1, 2018, and it was substantially relocated to current MCR 1.109(E). Former MCR 2.114(D)(1)-(3), (E), and (F) are identical to the current versions of MCR 1.109(E)(5)(a)-(c), (6), and (7), respectively.

good law before denying plaintiff's motion to set aside the order and making the stipulated child support orders, including the retroactive amounts, fully enforceable.

In addition, the trial court granted a request by defendant's counsel for sanctions. The court instructed defense counsel to present plaintiff's counsel with a bill and indicated that if there was a disagreement about the amount, that matter could be decided by the court. Defendant filed a statement of costs outlining $3,310.46 for services provided, transcript costs, mileage reimbursement, and postage costs, and plaintiff did not file any objections. Accordingly, the trial court entered a judgment of sanctions for this amount.

## II. CHILD SUPPORT ORDER

Plaintiff argues that the trial court erred in finding that it had jurisdiction and authority to order modification of his child support orders based on his receipt of veterans' disability payments because federal law preempts those VA benefits that are not retired pay or in lieu of retired pay from being subject to consideration for payment of child support or spousal support. We disagree.

Modification of a child support order is within the trial court's discretion and is reviewed for an abuse of discretion. *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012). An abuse of discretion occurs when the result is outside the range of reasonable and principled outcomes. *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010).

The parents of a minor child have a duty to support that child. MCL 722.3; *Paulson v Paulson*, 254 Mich App 568, 571; 657 NW2d 559 (2002). The purpose of support is to ensure that a child's immediate needs are met on a continuing basis. *Milligan v Milligan*, 197 Mich App 665, 667; 496 NW2d 394 (1992). MCL 552.605(2) provides that unless an exception applies, "the court shall order child support in an amount determined by application of the child support formula developed by the state friend of the court bureau as required in section 19 of the friend of the court act, MCL 552.519." As relevant to this case, under the 2017 Michigan Child Support Formula Manual, "veterans' administration benefits" are a source of income to be considered by the trial court to calculate a parent's income for child support purposes. 2017 MCSF 2.01(C).

Further, "[w]hen determining whether federal law preempts a state statute, this Court must look to congressional intent." *American Med Security, Inc v Allstate Ins Co*, 235 Mich App 301, 305; 597 NW2d 244 (1999). Our United States Supreme Court has clarified that traditionally, "domestic relations is . . . the domain of state law." *Hillman v Maretta*, 569 US 483, 490; 133 S Ct 1943; 186 L Ed 2d 43 (2013). "There is therefore a 'presumption against pre-emption' of state laws governing domestic relations . . . ." *Id*., quoting *Egelhoff v Egelhoff*, 532 US 141, 151; 121 S Ct 1322; 149 L Ed 2d 264 (2001). "[F]amily and family-property law must do 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law will be overridden." *Id*. at 490-491, quoting *Hisquierdo v Hisquierdo*, 439 US 572, 581; 99 S Ct 802; 59 L Ed 2d 1 (1979).

Applying these principles, in *Rose*, 481 US 619, the United States Supreme Court previously addressed expressly whether federal law preempted state law permitting the

consideration of veterans' disability benefits as "income" for purposes of calculating support. In *Rose*, Mr. Rose, a totally disabled veteran of the Vietnam War, had income composed entirely of benefits received from the VA and the Social Security Administrations, and the trial court considered both benefits to calculate his child support obligations under Tennessee law. *Id*. at 622. When Mr. Rose was held in contempt for failure to pay his support obligation, he argued that 38 USC 3101(a) preempted a state court's jurisdiction over veterans' disability benefits and a state court's ability to enforce child support obligations. *Id*. at 630. Mr. Rose reasoned that only the VA could order him to pay child support with his disability benefits and that the state had no jurisdiction over those benefits. *Id*. at 623. Mr. Rose also argued that 42 USC 659(a) "embodies Congress' intent that veterans' disability benefits not be subject to *any* legal process aimed at diverting funds for child support . . . ." *Id*. at 635.

The United States Supreme Court disagreed, stating, "Neither the Veterans' Benefits provisions of Title 382 nor the garnishment provisions of the Child Support Enforcement Act of Title 423 indicate unequivocally that a veteran's disability benefits are provided solely for that veteran's support." *Id*. at 636. Further, the United States Supreme Court determined that Congress intended veterans' disability benefits "to provide reasonable and adequate compensation for disabled veterans and their families," *id*. at 630 (quotation marks and citation omitted), and that veterans' disability benefits were "to be used, in part, for the support of veterans' dependents," *id*. at 631. Accordingly, the United States Supreme Court concluded that the state law, pursuant to which Mr. Rose's veterans' disability benefits were considered to determine his child support obligation, was not preempted by federal law. *Id*. at 636.

The analysis in *Rose* has since been accepted and applied in numerous state courts that have addressed the issue. See, e.g., *Lambert v Lambert*, 10 Va App 623; 395 SE2d 207 (1990); *Goldman v Goldman*, 197 So 3d 487 (Ala Civ App, 2015); *Belue v Belue*, 38 Ark App 81; 828 SW2d 855 (1992); and *Casey v Casey*, 79 Mass App 623; 948 NE2d 892 (2011). We agree that it is also applicable to this case.

In this case, plaintiff cites many of the same federal statutes that were rejected as controlling in *Rose*. However, he attempts to distinguish his circumstances from those in *Rose* by arguing that he does not receive his compensation as a result of waiving retirement or retainer pay, whereas the plaintiff in *Rose* was eligible for payments as a retiree. More specifically, plaintiff argues that after *Rose*, Congress decided that the only compensation subject to child support under 42 USC 659 is "for a service-connected disability paid by the Secretary to a former member of the Armed Forces who is in receipt of retired or retainer pay if the former member has waived a portion of the retired or retainer pay in order to receive such compensation." 42 USC 659(h)(1)(A)(*ii*)(V). Accordingly, he posits that as a disabled veteran who is not eligible for retired pay, his compensation is specifically excluded from consideration under 42 USC 659(h)(1)(B)(*iii*), which excludes periodic benefits under title 38, except for the narrow exception carved out by 42 USC 659(h)(1)(A)(*ii*)(V). However, this argument is without merit.

First, we note that 42 USC 659 does not contain any language that precludes a state court from including VA disability benefits in plaintiff's income to determine the level of child support he is required to pay, nor does it discuss the computation of child support at all. Rather, the statute addresses the use of various collection methods for the enforcement of child support or

alimony orders when the support payer is compensated by the United States, District of Columbia, or Armed Forces. 42 USC 659(a). In this case, the trial court was not addressing the question of how defendant's disability payments could be levied or garnished; therefore, any restriction on the enforcement methods used to collect child support is irrelevant to this appeal. Indeed, as plaintiff indicated before the lower court, the Office of Child Support has previously acknowledged that there exist restrictions on the enforcement of unpaid child support obligations upon benefits paid by the VA and that such enforcement may be limited to apportionment. However, that plaintiff's benefits cannot be garnished is not dispositive of whether they can be considered for the purpose of calculating child support obligations.

Additionally, at the trial level, plaintiff argued that the United States Supreme Court's decision in *Howell*, ___ US ___; 137 S Ct 1400, overturned *Rose* and supported his assertion that veterans' disability benefits are not subject to division by state courts. Plaintiff has not raised the same argument on appeal, but rather he now indicates that *Howell* supports the proposition that veterans' disability funds remain expressly protected under 38 USC 5301(a)(1), leaving state courts without any authority to enter an order affecting these benefits. However, this argument also lacks merit because the *Howell* decision says nothing about the propriety of a state court's consideration of such benefits in calculating an award of child support. Rather, *Howell* addressed only the treatment and division of military disability benefits as "property" in divorce, not as income used to support a veteran's dependents. *Id. at* ___; 137 S Ct at 1403-1406. Accordingly, we disagree with plaintiff's contention that the *Howell* decision had any impact on the viability of the *Rose* decision. This is further buttressed by the fact that after the United States Supreme Court released its ruling in *Howell* in 2017, several state courts continued to hold that veterans' disability benefits could be considered as income for child support purposes. See, e.g., *Lesh v Lesh*, ___ NC App ___; 809 SE2d 890 (2018); *Nieves v Iacono*, 162 App Div 3d 669; 77 NYS2d 493 (2018).

Plaintiff also claims that 10 USC 1408 provides that a portion of veterans' disability benefits can be considered toward the calculation of child support obligations only "in certain specific cases." However, he cites no statutory language within 10 USC 1408 that expressly limits such consideration, and no such language is present within the statute. Further, plaintiff cites no authority to support his interpretation of the statute. We also note that 10 USC 1408, also known as the "Uniform Services Former Spouses' Protection Act," addresses the process for enforcing court orders for property division or support when a party receives retirement pay. However, it does not at any point discuss the process for calculation of such court orders or any limitations on the calculation of those orders. Moreover, as plaintiff repeatedly points out in his appellate brief, he does not receive retirement pay. Accordingly, the provisions of 10 USC 1408 have no application in this case.

In whole, we are not persuaded by plaintiff's argument that federal law preempts state law allowing his VA benefits to be considered for the purpose of calculating his child support obligation. Moreover, given the United States Supreme Court's decision in *Rose*, we conclude that the trial court did not abuse its discretion when it concluded that plaintiff's VA benefits were properly considered as income for the purpose of child support calculations.

### III. SANCTIONS

Plaintiff further posits that because the arguments he advanced to the trial court had legal merit, the award of sanctions should be voided. We disagree.

A determination of whether a claim is frivolous depends upon the particular circumstances of each case. *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002). A trial court's finding whether a claim or defense was frivolous will not be reversed on appeal unless clearly erroneous. *Id.* at 661. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made. *Id*. at 661-662. Further, the trial court's determination of the amount of sanctions imposed is reviewed for an abuse of discretion. *Vittiglio v Vittiglio*, 297 Mich App 391, 408; 824 NW2d 591 (2012). "An abuse of discretion occurs when the court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

A party pleading a frivolous claim is subject to costs and attorney fees as sanctions. MCR 1.109(E)(7);[6] MCR 2.625(A)(2); MCL 600.2591(1). Further, the trial court may also award attorney fees "when the requesting party has been forced to incur expenses as a result of the other party's unreasonable conduct in the course of litigation." *Hanaway v Hanaway*, 208 Mich App 278, 298; 527 NW2d 792 (1995).

An action is considered frivolous when at least one of the following is true:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

> (*iii*) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a).]

Under MCL 600.2591, upon motion of a party, if the court determines that a civil action or defense was frivolous, the court must award the costs and fees incurred by the prevailing party, MCL 600.2591(1), including "all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees," MCL 600.2591(2). The party against whom sanctions are sought must be afforded reasonable notice and an opportunity to be heard. *Vittiglio*, 297 Mich App at 405.

---

[6] The trial court did not indicate which court rule it applied when it concluded that sanctions were warranted in this case. However, the referee had originally suggested in his recommendation that sanctions were warranted under MCR 2.114. As previously noted, MCR 2.114 was repealed effective September 1, 2018, and it was substantially relocated to current MCR 1.109(E). Former MCR 2.114(D)(1)-(3), (E), and (F) are identical to the current versions of MCR 1.109(E)(5)(a)-(c), (6), and (7), respectively.

In determining reasonable attorney fees, a court must consider: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982) (quotation marks and citation omitted). "[A]ctual fees charged are not necessarily reasonable fees." *Vittiglio*, 297 Mich App at 410. The burden of proving the reasonableness of the fees is on the party requesting them. *Id.* at 409.

In this case, plaintiff does not argue that the amount of sanctions or attorney fees awarded was unreasonable. Rather, plaintiff's argument is based on his assertion that the arguments he advanced to the trial court had legal merit, and therefore, the award of sanctions should be voided. However, as discussed above, plaintiff's position is unsupported by any of the federal laws or cases he has cited. Moreover, given the United States Supreme Court's decision in *Rose*, plaintiff's position was devoid of arguable legal merit. MCL 600.2591(3)(a)(*iii*). Accordingly, the trial court did not clearly err by concluding that plaintiff's arguments were frivolous.

Further, despite agreeing in 2014 that his child support was subject to modification if he qualified for VA benefits, plaintiff failed to disclose his VA benefits until January 2017. Plaintiff had also denied receiving these benefits during prior court proceedings. Indeed, it was not until he was confronted with documentation showing the amounts and dates of payments he received that plaintiff admitted to receipt of the benefits. This kind of unreasonable and disingenuous conduct warrants an award of sanctions. Accordingly, we find that the trial court did not abuse its discretion in awarding defendant sanctions.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael F. Gadola
/s/ James Robert Redford