AMERICAN MEDICAL SECURITY, INC v ALLSTATE INSURANCE
COMPANY

Docket No. 206239. Submitted April 8, 1999, at Detroit. Decided April 20,
1999, at 9:00 A.M. Leave to appeal sought.

American Medical Security, Inc., as subrogee of John Perri, brought
an action in the Oakland Circuit Court against Allstate Insurance
Company, seeking reimbursement of amounts paid as medical ben-
efits for injury sustained by Perri in an automobile accident. At the
time of the accident, Perri, through his mother, had been covered
by a no-fault policy issued by the defendant and by an employee
welfare benefit plan administered by the plaintiff pursuant to the
Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et
seq.* Medical coverage under the employee welfare benefit plan had
been provided through an insurance policy issued by United Wis-
consin Life Insurance Company. The defendant's no-fault insurance
policy and the United Wisconsin policy had contained conflicting
coordination of benefits clauses with respect to injuries related to
automobile accidents. The defendant moved for summary disposi-
tion, claiming that the plaintiff is primarily liable for medical
expenses pursuant to § 3109a of the no-fault act, MCL 500.3109a;
MSA 24.13109(1), and *Federal Kemper Ins Co, Inc v Health Ins
Administration, Inc,* 424 Mich 537 (1986). The plaintiff moved for
summary disposition, claiming that the defendant is primarily liable
because § 3109a is preempted by the ERISA. The court, Rudy J.
Nichols, J., granted summary disposition for the plaintiff. The
defendant appealed.

The Court of Appeals *held*:

29 USC 1144(a) broadly provides that the ERISA shall supersede
any and all state laws insofar as they relate to any employee bene-
fit plan. 29 USC 1144(b)(2)(A), the "saving clause," returns to the
states the power to enforce those state laws that regulate insur-
ance. 29 USC 1144(b)(2)(B), the "deemer clause," exempts self-
funded ERISA plans from state laws that regulate insurance. In con-
trast to self-funded ERISA plans, insured ERISA plans are subject to
indirect state insurance regulation because they are bound by state
insurance regulations insofar as such regulations apply to the insur-
ers of the plans.

In this case, § 3109a is not preempted by the ERISA because the ERISA plan was insured instead of being self-funded.

Reversed and remanded for entry of judgment of no cause of action.

INSURANCE—NO-FAULT—HEALTH INSURANCE—COORDINATION OF BENEFITS—EMPLOYEE RETIREMENT INCOME SECURITY ACT.

The Employee Retirement Income Security Act, with respect to an insured employee welfare benefit plan, but not with respect to a self-funded employee welfare benefit plan, does not preempt state law that provides that the health insurer is primarily liable for the medical expenses of a person who is injured in an automobile accident while covered by a no-fault insurance policy and a health insurance policy whose coordination of benefits provisions conflict (29 USC 1144[a], 1144[b][2][A], 1144[b][2][B]; MCL 500.3109a; MSA 24.13109[1]).

*Fisher, Franklin & Ford* (by *Lauren J. Hammett*), for the plaintiff.

*Garan, Lucow, Miller & Seward, P.C.* (by *Daniel S. Saylor* and *Robert L. Goldenbogen*), for the defendant.

Before: HOOD, P.J., and HOLBROOK, JR., and WHITBECK, JJ.

PER CURIAM. The trial court denied defendant's motion for summary disposition and granted plaintiff's cross-motion for summary disposition. Defendant appeals as of right, and we reverse.

John Perri was injured in an automobile accident and incurred medical expenses. At the time of the accident, he had medical coverage through his mother's employer. The employer's benefit plan was administered by plaintiff and the medical coverage was provided under a Certificate of Insurance issued by the United Wisconsin Life Insurance Company. At the time of the accident, Perri was also covered by a no-fault insurance policy issued by defendant to Perri's mother. Both policies contained coordination

of benefits clauses, which clauses conflicted. Medical benefits were paid to Perri by plaintiff under the policy issued by United Wisconsin. Plaintiff thereafter sought reimbursement from defendant, claiming that defendant was first in priority to pay the medical expenses pursuant to the coordination of benefits clause found in United Wisconsin's Certificate of Group Insurance.

Defendant moved for summary disposition, citing MCL 500.3109a: MSA 24.13109(1) and *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc*, 424 Mich 537; 383 NW2d 590 (1986). Plaintiff responded by claiming that § 3109a was preempted by the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.* It also moved for summary disposition. The trial court ruled in favor of plaintiff. We disagree with the trial court's ruling regarding the issue of preemption.

We review decisions on motions for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). In addition, statutory interpretation is a question of law that this Court reviews de novo. *VandenBerg v VandenBerg*, 231 Mich App 497, 499; 586 NW2d 570 (1998).

MCL 500.3109a; MSA 24.13109(1) requires no-fault insurers to offer, at a reduced premium, personal injury protection benefits that are coordinated with benefits available from other health and accident coverage.[1] *Yerkovich v AAA*, 231 Mich App 54, 59-60; 585

---

[1] MCL 500.3109a; MSA 24.13109(1) provides:

An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be

NW2d 318 (1998), lv pending. The coordination of benefits clause serves to contain automobile insurance and health insurance costs while eliminating duplicative recovery. *Major v Auto Club Ins Ass'n*, 185 Mich App 437, 441; 462 NW2d 771 (1990). Under Michigan law, where no-fault coverage and health coverage are coordinated, the health insurer is primarily liable for plaintiff's medical expenses. *Federal Kemper, supra.* See also *Tousignant v Allstate Ins Co*, 444 Mich 301, 307; 506 NW2d 844 (1993). In *Auto Club Ins Ass'n v Frederick & Herrud*, 443 Mich 358, 388-389; 505 NW2d 820 (1993), and its companion case, the plans at issue were self-funded plans created pursuant to the ERISA, and the Court carved an exception to the rule of law set out in *Federal Kemper.* It held that the unambiguous coordination of benefits clause found in the ERISA plans[2] must be given their plain meaning despite the clause in the no-fault policy. *Id.* at 389-390.

In this case, the parties agree that plaintiff's group plan qualifies as an employee welfare benefit plan under the ERISA. The plan, however, is clearly not self-funded,[3] but rather has purchased insurance through United Wisconsin. The issue is whether § 3109a is

---

offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household.

[2] It is important to note that the coordination of benefits clauses were terms in the self-funded plans themselves, and not in any insurance policies paid for by the plans. *Id.* at 362, 365.

[3] The trial court did not discuss or decide the issue whether plaintiff's plan was insured or self-funded, finding that defendant did not provide proof with respect to its allegations regarding the issue. We disagree. Defendant provided adequate documentary support to enable the trial court to determine that the plan was not self-funded, but was insured, and

preempted in a situation where the ERISA plan is not self-funded but has purchased insurance coverage. We hold that it is not.

When determining whether federal law preempts a state statute, this Court must look to congressional intent. "Preemption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *FMC Corp v Holliday*, 498 US 52, 56-57; 111 S Ct 403; 112 L Ed 2d 356 (1990) (citations omitted). The ERISA contains three provisions that address the question of preemption. The preemption clause itself, 29 USC 1144(a), is extremely broad and provides that the provisions of the ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." That clause is tempered by 29 USC 1144(b)(2)(A), commonly known as the "saving clause," which "returns to the States the power to enforce those state laws that 'regulate insurance.'" *FMC Corp, supra* at 58. Further, 29 USC 1144(b)(2)(B) sets out the "deemer" clause under which employee benefit plans themselves may not be deemed insurance companies for purposes of state laws "purporting to regulate" insurance companies or insurance contracts. *FMC Corp, supra* at 58.

In *FMC Corp*, the Court stated:

> We read the deemer clause to exempt self-funded ERISA plans from state laws that "regulat[e] insurance" within the meaning of the saving clause. By forbidding States to deem employee benefit plans "to be an insurance company or

---

plaintiff does not contest that it was insured with a group policy through United Wisconsin.

other insurer . . . or to be engaged in the business of insurance," the deemer clause relieves plans from state laws "purporting to regulate insurance." As a result, self-funded ERISA plans are exempt from state regulation insofar as that regulation "relate[s] to" the plans. . . . State laws that directly regulate insurance are "saved" but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws. On the other hand, *employee benefit plans that are insured are subject to indirect state insurance regulation. An insurance company that insures a plan remains an insurer for purposes of state laws "purporting to regulate insurance" after application of the deemer clause. The insurance company is therefore not relieved from state insurance regulation. The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer.* [*Id.* at 61 (emphasis added).]

The Supreme Court distinguished between insured and uninsured plans, "leaving the former open to indirect regulation while the latter are not." *Id.* at 62, citing *Metropolitan Life Ins Co v Massachusetts,* 471 US 724, 747; 105 S Ct 2380; 85 L Ed 2d 728 (1985). It emphasized that "if a plan is insured, a State may regulate it indirectly through regulation of its insurer and its insurer's insurance contracts." *FMC Corp, supra* at 64. See also *Lincoln Mut Casualty Co v Lectron Products, Inc, Employee Health Benefits Plan,* 970 F2d 206, 210 (CA 6, 1992).[4]

---

[4] In *Lincoln Mut,* the plan was self-funded, but also had stop-loss insurance for catastrophic claims. The Court found that the ERISA preempted state law in the case notwithstanding the stop-loss coverage. The plan was self-funded except for catastrophic claims; thus, § 3109a would directly effect the plan. Note that stop-loss policies do not affect an ERISA plan's status as self-insured. See *Wolverine Mut Ins Co v Rospatch Corp Employee Benefit Plan,* 195 Mich App 302, 308; 489 NW2d 204 (1992).

Section 3109a is not preempted under the circumstances of this case. The employee benefit plan at issue was not a self-funded plan, and plaintiff's insurer, United Wisconsin, was subject to Michigan insurance law and regulation, specifically § 3109a, even where that statute indirectly affects the plan. Our ruling does not allow our state law to control an ERISA plan, but simply recognizes that state law can regulate the insurer of an ERISA plan even if that regulation may indirectly affect the plan, which is the case here.

Having determined that § 3109a is not preempted, we remand for entry of a judgment of no cause of action in favor of defendant.

Reversed and remanded. We do not retain jurisdiction.

---

The *Lincoln Mut* Court acknowledged, however, that *FMC* holds that states may regulate companies that insure ERISA plans even if those state regulations may indirectly effect those ERISA plans. *Id.*