*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINA GEORGE,

        Plaintiff-Appellant,

v

ALLSTATE INSURANCE CO.,

        Defendant-Appellee,

and

AZIZUR ULLAH,

        Defendant,

and

SHAJEDA SHARMIN,

        Defendant/Cross-Plaintiff,

and

UBER TECHNOLOGIES, INC.,

        Defendant/Cross-Defendant

FOR PUBLICATION
August 13, 2019
9:15 a.m.

No. 341876
Wayne Circuit Court
LC No. 16-004953-NF

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Plaintiff-appellant, Christina George, appeals by delayed leave granted[1] the trial court order granting defendant-appellee, Allstate Insurance Co, partial summary disposition under MCR 2.116(C)(10). For the reasons stated in this opinion, we reverse and remand.

## I. BASIC FACTS

George was injured in a motor-vehicle crash, but she did not have a policy of no-fault insurance available to her in her household. Accordingly, she filed a claim for no-fault personal protection insurance (PIP) benefits through the assigned claims plan, which assigned her claim to Allstate. George also had health insurance and wage disability insurance under a self-funded plan organized under the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq*. The ERISA plan, which is administered by Aetna Life Insurance Company, provides in relevant part:

### NON-DUPLICATION OF BENEFITS

If you and your spouse or domestic partner both work, your family may be covered by more than one group health plan. The Plan coordinates its payments with the payments you may receive from other group insurance plans under which you or your dependents are covered. The following types of plans are coordinated with your Plan coverage:

* * *

- Motor vehicle insurance (your own or any other responsible party's) . . . .

### HOW TO DETERMINE WHICH PLAN IS PRIMARY

In general, the Plan will be considered primary for:

- Employees . . . .

* * *

### The Other Plan is Automatically Primary

Any other plan will be primary if it:

- Does not have a coordination of benefits or non-duplication of benefits provision;

- Is a program required or provided by law; or

_____

[1] *George v Allstate Ins Co*, unpublished order of the Court of Appeals, entered May 24, 2018 (Docket No. 341876).

- Is a motor vehicle insurance policy. (In certain states, the motor vehicle insurance policy allows you to designate your group plan as primary. If this applies to you, you must submit written proof to Aetna that you have designated this Plan as primary.)[2]

Thus, benefits under the ERISA Plan are primary, but under certain circumstances the Plan expressly disavows primary coverage in favor of other insurance benefits, including benefits claimed under a program required or provided by law. As the assigned-claims insurer, Allstate is required to provide George with no-fault benefits pursuant to a program, i.e., the Michigan Assigned Claims Plan (MACP), and the program is required by law, see MCL 500.3172(1). Therefore, under the terms of the ERISA plan, the benefits under the Plan are secondary to the benefits available to George under the no-fault act.

Yet, "benefits through the assigned claims carrier are coordinated under MCL 500.3172(2)." *Batts v Titan Ins Co*, 322 Mich App 278, 282; 911 NW2d 486 (2017). MCL 500.3172(2)[3] provides:

> (2) Except as otherwise provided in this subsection, *personal protection insurance benefits,* including benefits arising from accidents occurring before March 29, 1985, *payable through the assigned claims plan shall be reduced to the extent that benefits covering the same loss are available from other sources*, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits, to a person claiming personal protection insurance benefits through the assigned claims plan. This subsection only applies if the personal protection insurance benefits are payable through the assigned claims plan because no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to

---

[2] On appeal, Allstate argues that the ERISA plan language does not apply because the ERISA plan states that it is primary for employees and it requires the existence of multiple insurance plans. Allstate equates an "insurance plan" with an insurance policy and, therefore, asserts that the coordination of benefits clause is not triggered. However, the ERISA plan provides that "motor vehicle insurance" plans coordinate with the ERISA plan, and it also provides that a program required or provided by law is primary to the ERISA plan. Taking those provisions together, it is clear that the plan expressly intended to coordinate coverage under circumstances where a policy of insurance did not exist, but the benefits were nevertheless available by law.

[3] The no-fault act, MCL 500.3101 et seq., was substantially amended by 2019 PA 21, effective June 11, 2019. This case was commenced before the amendment and, therefore, it is controlled by the former provisions of the no-fault act. See *Johnson v Pastoriza*, 491 Mich 417, 429; 818 NW2d 279 (2012) (stating that as a general rule amendments to statutes are presumed to operate prospectively only). All references to the no-fault act are to the version in effect at the time this action was commenced.

provide benefits up to the maximum prescribed. As used in this subsection, "sources" and "benefit sources" do not include the program for medical assistance for the medically indigent under the social welfare act, 1939 PA 280, MCL 400.1 to 400.119b, or insurance under the health insurance for the aged act, title XVIII of the social security act, 42 USC 1395 to 1395kkk-1. [emphasis added.]

Therefore, under MCL 500.3172(2), an insurer providing benefits under the assigned claims plan is generally entitled to a set-off for *any other benefits* covering the same loss that are received by or on behalf of the injured party. The only statutory exemption to the right to a set-off is if the benefits covering the loss are received under either Medicare or Medicaid.

After George filed her complaint against Allstate asserting that it was primarily responsible for payment of her first-party PIP benefits, Allstate moved for partial summary disposition. Allstate asserted that because the ERISA plan was a benefit source that covered the same loss, it was entitled to a set-off under MCL 500.3172(2). In response, George asserted that MCL 500.3172(2) was preempted by the ERISA. The trial court, however, reasoned that because George's no-fault benefits were only available through the assigned claims plan and not a no-fault insurance policy, the state law, MCL 500.3172(2), was not preempted by the ERISA. Accordingly, the court granted partial summary disposition in favor of Allstate, ruling that Allstate was secondary and that the ERISA plan was primary for medical expenses and wage-loss benefits.

## II. FEDERAL PREEMPTION

### A. PRESERVATION

Allstate asserts that George's arguments on appeal as they relate to the language of the ERISA plan are unpreserved. An issue is preserved for appeal if it was raised, addressed, and decided by the trial court. *Polkton Charter Twp v Pellegron*, 265 Mich App 88, 95; 693 NW2d 170 (2005). Based on our review of the lower court proceedings, it is clear that George's primary argument was that because her health insurance was through a self-funded ERISA plan, the set-off provision in MCL 500.3172(2) was preempted by federal law. She did not directly reference the coordination of benefits (COB) in the ERISA plan, nor did she provide a copy of the Plan language until she filed a motion for reconsideration of the trial court's order granting summary disposition. The trial court granted summary disposition, concluding that MCL 500.3172(2) was not preempted by the preemption provision in the ERISA. As a result, the issue of federal preemption was raised before and decided by the trial court, so that part of the issue is undisputedly preserved.

Yet, to the extent that George's argument is reliant on the language in the ERISA plan, it is clear that those aspects of her argument were raised and supported for the first time on reconsideration. As a general rule an issue is not preserved if it is raised for the first time in a motion for reconsideration in the trial court. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Still, as the ERISA plan was attached to a lower court filing, it is part of the record and we may consider it on appeal. See MCR 7.210(A)(1). Moreover, to the extent that the aspects of the preemption issue relating to the language in the ERISA plan are unpreserved, we may overlook the preservation requirements in civil cases "if

the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Because the facts necessary for resolution of the issue were presented below and are undisputed on appeal, and because the issue involves a question of law that was actually decided by the trial court in response to the primary argument raised by the parties, we will consider all aspects of George's argument on appeal.

## B. STANDARD OF REVIEW

George argues that the trial court erred by granting partial summary disposition in Allstate's favor. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Under MCR 2.116(C)(10), a party is entitled to summary disposition if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). When reviewing a motion for summary disposition, the trial court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence submitted in the light most favorable to the nonmoving party. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). All reasonable inferences must be drawn in favor of the nonmoving party. *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010).

## C. ANALYSIS

"When determining whether federal law preempts a state statute, this Court must look to congressional intent." *American Med Security, Inc v Allstate Ins Co*, 235 Mich App 301, 305; 597 NW2d 244 (1999). The United States Supreme Court has explained that "[p]reemption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *FMC Corp v Holliday*, 498 US 52, 56-57; 111 S Ct 403; 112 L Ed 2d 356 (1990) (quotation marks and citation omitted). The ERISA explicitly addresses the issue of preemption in three separate clauses:

> The preemption clause itself, 29 USC 1144(a), is extremely broad and provides that the provisions of the ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." That clause is tempered by 29 USC 1144(b)(2)(A), commonly known as the "saving clause," which "returns to the States the power to enforce those state laws that 'regulate insurance.'" *FMC Corp, supra* at 58. Further, 29 USC 1144(b)(2)(B) sets out the "deemer" clause under which employee benefit plans themselves may not be deemed insurance companies for purposes of state laws "purporting to regulate" insurance companies or insurance contracts. [*American Med Security, Inc*, 235 Mich App at 305.]

Our Supreme Court has previously addressed whether MCL 500.3109a was preempted by the ERISA. In doing so, the Court recognized that under MCL 500.3109a "a no-fault insurer is secondarily liable for insurance coverage where there is any other form of health care coverage and where the insurers both sought to escape liability through the use of competing coordination-of-benefits clauses." *Auto Club Ins Ass'n v Frederick & Herrud, Inc (After Remand)*, 443 Mich 358, 383-384; 505 NW2d 820 (1993), citing *Fed Kemper Ins Co, Inc v Health Ins Admin, Inc*, 424 Mich 537, 546; 383 NW2d 590 (1986). In *Auto Club Ins Ass'n*, the ERISA plan and the no-fault policy contained competing coordination-of-benefits clauses; therefore, under MCL 500.3109a and *Federal Kemper*, the no-fault policy would have been secondary to the ERISA plan.

Our Supreme Court, however, determined that under principles of federal preemption, "MCL 500.3109a does not reach an ERISA plan with a COB clause where that clause is unambiguous." *Auto Club Ins Ass'n*, 443 Mich at 387-388. In reaching that conclusion, the Court examined a number of opinions from the United States Supreme Court:

> In *Alessi [v Raybestos-Manhattan, Inc*, 451 US 504; 101 S Ct 1895; 68 L Ed 2d 402 (1981)], the United States Supreme Court held that state law was preempted to the extent that it attempted to control the terms of an ERISA pension plan. In *Shaw [v Delta Air Lines, Inc*, 463 US 85; 103 S Ct 2890; 77 L Ed 2d 490 (1983)], the Court interpreted the preemption clause to prevent state regulation of welfare benefits in multibenefit ERISA plans, while noting the danger of the administrative difficulty that would result from piecemeal state legislation. Next, the Court defined the saving clause to preserve state law mandating certain minimum benefits in an ERISA plan as long as the state law regulates insurance law rather than an ERISA plan directly. *Metropolitan Life* [*Ins Co v Massachusetts*, 471 US 724; 105 S Ct 2380; 85 L Ed 2d 728 (1985)]. Although the Court majority in *Fort Halifax* [*Packing Co, Inc v Coyne*, 482 US 1; 107 S Ct 2211; 96 L Ed 2d 1 (1987)], concluded that a one-time severance payment required by state law did not relate to an ERISA plan so that it was preempted, the majority did reiterate the ERISA purpose of avoiding variable state regulation that would pose administrative burdens to plan administrators. Finally, the Court concluded in *FMC Corp* that states could not regulate the contractual terms of ERISA benefits plans in cases of self-funded plans. ERISA plans, however, are subject to indirect regulation in a case in which a state regulates an insurance carrier that has contracted with the plans to provide coverage for claims made on the plans. [*Id*. at 386.]

The *Auto Club* Court then explained:

> [T]he COB clause in an ERISA policy must be given its clear meaning without the creation of any artificial conflict based upon MCL 500.3109a. Therefore, because both plans provide that no-fault insurance is primary where the potential for duplication of benefits occurs, we hold that the ERISA plans' terms control. The no-fault insurer, ACIA, is primarily liable for the benefits at issue. Although the Michigan statute purports to regulate insurance and not ERISA plans, we conclude *that it has a direct effect on the administration of the plans in these*

*cases because it would virtually write a primacy of coverage clause into the plans.* This is the type of state regulation that would lead to administrative burdens that the historical progression of federal cases recounted earlier forbids. [*Id*. at 387 (emphasis added).]

The ERISA plan in *Auto Club* was self-funded.[4] In *American Med*, this Court declined to extend the ruling in *Auto Club* to cases where the ERISA plan was not self-funded. *American Med*, 235 Mich App at 306-307. The *American Med* Court explained:

> In *FMC Corp*, the [United States Supreme] Court stated:
>
> > We read the deemer clause to exempt self-funded ERISA plans from state laws that "regulat[e] insurance" within the meaning of the saving clause. By forbidding States to deem employee benefit plans "to be an insurance company or other insurer . . . or to be engaged in the business of insurance," the deemer clause relieves plans from state laws "purporting to regulate insurance." As a result, self-funded ERISA plans are exempt from state regulation insofar as that regulation "relate[s] to" the plans. . . . State laws that directly regulate insurance are "saved" but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws. On the other hand, *employee benefit plans that are insured are subject to indirect state insurance regulation. An insurance company that insures a plan remains an insurer for purposes of state laws "purporting to regulate insurance" after application of the deemer clause. The insurance company is therefore not relieved from state insurance regulation. The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer.* [*Id*. at 61 (emphasis added).]
>
> The Supreme Court distinguished between insured and uninsured plans, "leaving the former open to indirect regulation while the latter are not." *Id*. at 62, citing

---

[4] On appeal, Allstate asserts that there is no evidence that the ERISA plan in this case was self-funded. However, George attached a number of documents to her response to Allstate's motion for summary disposition. In particular, a March 14, 2017 letter from Aetna stated that George's medical benefits "were paid pursuant to an ERISA-qualified self-funded plan as defined by federal law." A trial court may consider "substantively admissible evidence" when ruling on a motion for summary disposition. *Barnard Mfg Co, Inc*, 285 Mich App at 373. Substantively admissible evidence is not required to be in an admissible form when a trial court rules on a motion for summary disposition, "[b]ut it must be admissible in content." *Id*. (quotation marks and citation omitted). We conclude that the letter is substantively admissible evidence that George's health insurance was through a self-funded ERISA plan.

*Metropolitan Life Ins Co v Massachusetts*, 471 US 724, 747, 105 S Ct 2380, 85 L Ed 2d 728 (1985). It emphasized that "if a plan is insured, a State may regulate it indirectly through regulation of its insurer and its insurer's insurance contracts." *FMC Corp, supra* at 64. See also *Lincoln Mut Casualty Co v Lectron Products, Inc, Employee Health Benefit Plan*, 970 F2d 206, 210 (CA 6, 1992).

> Section 3109a is not preempted under the circumstances of this case. The employee benefit plan at issue was not a self-funded plan, and plaintiff's insurer, United Wisconsin, was subject to Michigan insurance law and regulation, specifically § 3109a, even where that statute indirectly affects the plan. Our ruling does not allow our state law to control an ERISA plan, but simply recognizes that state law can regulate the insurer of an ERISA plan even if that regulation may indirectly affect the plan, which is the case here. [*Id*. at 305-307.]

Consequently, in order to preempt a state law on a coordination-of-benefits issue, an ERISA plan must be self-funded, *American Med*, 235 Mich App at 306-307, and contain an unambiguous coordination of benefits clause, *Auto Club*, 443 Mich at 389.

On appeal, Allstate seeks to avoid application of *Auto Club* by noting that, in that case, there were two competing COB clauses: one in the ERISA plan and one in the applicable no-fault policy. Allstate correctly points out that there is only one policy in this case: the ERISA plan. However, like a COB clause, MCL 500.3172(2) provides for the coordination of benefits. Specifically, it establishes that where duplicative benefits are available, i.e., where benefits from multiple sources cover the loss, the assigned-claims insurer is entitled to a set-off, i.e., the insurer is *not* primarily liable. Therefore, in this case, there is a state law expressly providing that George's ERISA plan is primary whereas the ERISA plan expressly disavows primacy under these circumstances. Because George's ERISA plan is self-funded and because it contains an unambiguous COB clause, Allstate is primarily liable for the benefits at issue here. To hold to the contrary would have the direct effect of dictating the terms of the ERISA plan, which the state is not permitted to do under federal law.[5] *Auto Club*, 443 Mich at 389-390.

Reversed and remanded for further proceedings. We do not retain jurisdiction. George may tax costs as the prevailing party. MCR 7.219(A).

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra

---

[5] Given our resolution, we need not address George's alternative arguments.